MARTIN CHURCHILL *vs.* WILLIAM HOLTON and another.

June 12, 1888.

**Sale—Entire Contract—Delivery of Part—Liability of Buyer.**—Where there is an entire contract for the delivery of a specified quantity of goods at the same time, the purchaser may waive the strict terms of the contract, and may accept and receive part of the goods under it, and the plaintiff may recover for the part so delivered and accepted. The price agreed to be paid, in the absence of other evidence, may be taken as the basis for estimating or apportioning plaintiff's damages.

Appeal by defendants from a judgment of the district court for Fillmore county, where the action was heard and determined by

*Farmer*, J., upon the evidence taken before the justice of the peace in whose court it was originally brought.

*H. R. Wells*, for appellants.

*Gray & Thompson*, for respondent.

VANDERBURGH, J. The record discloses these facts found by the court: The defendants bought four hogs of the plaintiff, at the agreed price of $31.50, to be paid on their delivery. Plaintiff drove them all to defendants' stock-yard for delivery. They refused to accept one, which had become overheated in driving, and shortly after died, but did accept the delivery of the remaining three under the contract. The court thereupon ordered judgment for their proportionate value, being the sum of $22.62. Since there was an entire contract for the delivery of all the hogs together, the defendants were at liberty to refuse to accept any, unless the plaintiff was able to deliver them all according to the terms of the contract, which he could not do if, owing to accident or his own carelessness, the property was not in a suitable condition for delivery. But they were all to be delivered at the same time, and the defendants might, as they did in this case, waive the strict terms of the contract, and receive part of the goods under it, and the plaintiff would be entitled to recover for the part so delivered and accepted. *Avery* v. *Willson*, 81 N. Y. 341. The evidence tended to show that the price agreed on was the market value of such hogs; and, in the absence of any other evidence, the price agreed on is evidence of the value. In law the sum so agreed on becomes the *quantum valebat*, and the basis for estimating or apportioning the plaintiff's damages in the action. *Ludlow* v. *Dole*, 62 N. Y. 617.

Judgment affirmed.