R. R. SAATOFF v. T. B. SCOTT, Appellant.

Plea and Proof: FAILURE OF PROOF. Where plaintiff sued for a breach of a written contract for the sale of land, and the evidence showed merely a contract made by defendant's agent, and signed by plaintiff alone, there was a total failure of proof, within Code 1873, section 2688, providing that when the allegation to which the proof is directed "is unproved in its general meaning" it shall not be deemed a variance, but a failure of proof.

VARIANCE. Damages for breach of an oral contract to convey land cannot be recovered under a petition on a written contract, in the absence of an amendment thereof to conform to the evidence.

Evidence: HARMLESS EXCLUSION. Error in striking out the statement of a witness, who thereafter testifies to substantially the same facts, without any objection being made, is harmless.

*Appeal from Franklin District Court.*—HON. D. R. HINDMAN, Judge.

THURSDAY, OCTOBER 14, 1897.

ACTION to recover damages for a failure to convey land in accordance with a certain contract. Verdict and judgment for plaintiff. Defendant appeals.— *Reversed.*

*E. P. Andrews* for appellant.

*Taylor & Evans* for appellee.

KINNE, C. J.—I. There was no prejudicial error in the rulings of the court in striking out answers by the defendant, Scott, as to the authority of his agent, Musser, as the same witness afterwards testified to substantially the same facts without objection.

II. At the close of the plaintiff's evidence the defendant moved the court to direct a verdict for him, because plaintiff had failed by a preponderance of the evidence to support the allegations of his petition. We think the motion should have been sustained. The plaintiff sued on a written contract providing for the sale and conveyance of certain real estate to the defendant The evidence on part of the plaintiff not only wholly fails to show any written contract, but from it, as well as from all of the evidence, it conclusively appears that no written contract was ever entered into between the parties. The most that plaintiff's evidence shows is that one Musser, defendant's agent, made a contract with the plaintiff for the sale of the land, and plaintiff claims that he (plaintiff) signed said contract, and executed a mortgage and some notes. It nowhere appears that either the defendant or his agent ever signed the contract relating to the sale of said land. There was, therefore, a total failure of proof as to the claim made in the petition. Code 1873, section 2688. Under the evidence there could be no recovery on a written contract, as no such contract was shown to have been entered into by the parties. While it may be that plaintiff might have so amended his petition as to conform to the evidence, no attempt was made to do so. Recovery, therefore, if had at all, must be upon a written contract; and, as no such contract was proven, the motion

for a verdict should have been sustained. 2 Thompson, Trials, p. 1606.

Other questions are argued, which, in view of the conclusion we have reached, need not be considered.— REVERSED.