### H. C. MEAD v. RAT PORTAGE LUMBER COMPANY.[1]

November 25, 1904.

Nos. 14,047—(96).

Sale—Partial Delivery—Action for Price.

In an action to recover for logs sold and delivered, *held:*

1. If the seller delivers to the buyer a less quantity of goods than he contracted to sell, and the buyer accepts the part delivered, he must pay the reasonable value thereof, subject to any damages he may have sustained by the seller's failure to fulfil his contract.

2. But where the seller bases his right to recover for a balance due upon an express contract for the sale of goods, he can only recover by showing performance of the contract on his part, or that the buyer accepted a partial performance as full performance of the contract.

3. The trial court in this case correctly granted a new trial for the reason that it erred in directing a verdict for the plaintiff.

[1] Reported in 101 N. W. 299.

Action in the district court for St. Louis county to recover $1,500 and interest for saw logs sold and delivered to defendant. The case was tried before Ensign, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict and granting a motion for a new trial, plaintiff appealed. Affirmed.

*M. H. McMahon and H. B. Fryberger,* for appellant.

Whether the action for indebitatus assumpsit would lie under the circumstances of this case is, in fact, immaterial, and while there is some authority to the contrary, and the question has perhaps never been decided directly in this state, there is abundant preponderance of modern authority to the effect that this form of action will lie where the defendant accepts and enjoys the benefit of the part performance. Defenbaugh v. Weaver, 87 Ill. 132; 2 Parsons, Cont. (9th Ed.) Part II, *523; Lee v. New Haven M. & W. R. Co., Fed. Cas. No. 8,197; Holmes v. Stummel, 24 Ill. 370; Linningdale v. Livingston, 10 Johns. 36, 37; Bowker v. Hoyt, 18 Pick. 555; Bee v. Hichborn, 4 Allen, 63; Shaw v. Badger, 12 Serg. & R. 275; Yeats v. Ballentine, 56 Mo. 535; Hancock v. Ross, 18 Ga. 364. See especially Keith v. Ridge, 146 Mo. 90; Brierre v. Cereal, 102 Mo. App. 622.

The defect, if any, in the complaint herein, was not because of insufficiency of allegations, but for excess of allegations. In reality the complaint contains allegations sufficient to sustain either one of three actions: Indebitatus assumpsit, quantum meruit, and agreed price, but' defendant's remedy for this formal defect was not by objection to the admission of evidence, but by motion to compel the plaintiff to elect on which of the three causes of action he would proceed. This the defendant utterly failed to do, and he cannot now complain. Rule 12 of district court; see Dean v. Leonard, 9 Minn. 176 (190); Plummer v. Mold, 22 Minn. 15; Wagner v. Nagel, 33 Minn. 348; Hewitt v. Brown, 21 Minn. 163; Beers v. Kuehn, 84 Wis. 33; Bue v. Ketchum, 51 Wis. 324.

*R. R. Briggs,* for respondent.

. The contract was entire, it was unperformed, there could be no recovery for its part performance where the plaintiff wilfully and

without legal excuse refused its full performance. Cutter v. Powell, 6 Term R. 320, 6 Eng. Rul. Cas. 627; Dermott v. Jones, 23 How. 220; Clark v. Smith, 14 Johns. 326, 327; Dermott v. Jones, 2 Wall. 1; Leonard v. Dyer, 26 Conn. 172; McDonald v. Bryant, 73 Wis. 20; Boutin v. Lindsley, 84 Wis. 644, 646; Warehouse v. Galvin, 96 Wis. 523; Mount v. Lyon, 49 N. Y. 552, 554; Widman v. Gay, 104 Wis. 277; Norrington v. Wright, 115 U. S. 188; Mersey v. Naylor, 9 App. Cas. 434, 439; Bond v. Corbett, 2 Minn. 209 (248); Marcotte v. Beaupre, 15 Minn. 117 (152); Mackubin v. Clarkson, 5 Minn. 193 (247); Elliott v. Caldwell, 43 Minn. 357, 361; Larson v. Schmaus, 31 Minn. 410; Anderson v. May, 50 Minn. 280, 282; Stees v. Leonard, 20 Minn. 448 (494); Huyett v. Chicago (167 Ill. 233), 59 Am. St. Rep. note 281.

To entitle a party to recover for part performance or for performance in a different way from that contracted for, his contract remaining open and unperformed, the circumstances must be such that a new contract may be implied from the conduct of the parties to pay a compensation for the partial or substituted performance. The mere fact that the partial performance is beneficial to a party is not enough from which to imply a promise to pay for it. Elliott v. Caldwell, 43 Minn. 357; Anderson v. May, 50 Minn. 280.

START, C. J.

The complaint herein alleged that in the month of June, 1899, the defendant was indebted to the plaintiff in the sum of $14,353.78 for the price and value of logs and timber sold and delivered by the plaintiff to the defendant at its request; that, in consideration of such sale and delivery, the defendant agreed and promised to and with the plaintiff to pay him that amount of money, which was then and there the reasonable value of such logs and timber; and that it has failed to do so, except that it paid thereon $12,853.78, leaving a balance due to the plaintiff of $1,500. The answer alleged that the parties entered into a contract in writing, a copy of which was therein set forth, whereby the plaintiff agreed to deliver, not later than May 1, 1899, to the defendant, in booms at lower side of Kettle Falls, in the Rainy Lake, good white and Norway pine saw logs to the amount of five

million feet, more or less, board measure, at the agreed price of $4.75 per thousand feet, to be paid for as follows: $2 per thousand feet on all logs banked each month, $1 per thousand feet when camp broke up, and the balance when the logs were delivered at Kettle Falls. The answer also alleged that the plaintiff, pursuant to the contract, delivered into the booms for the defendant 2,975,440 feet of logs, but refused to deliver to the defendant the balance of the logs or otherwise perform his contract, and that the defendant paid to the plaintiff, on account of the contract and the logs so delivered, the sum stated in the complaint. The reply admitted that the parties entered into a contract for the delivery of the logs mentioned in the complaint, but denied that a copy of the contract was set up in the answer, and expressly averred that the logs delivered by the plaintiff as alleged in the complaint were accepted by the defendant in full satisfaction of all contracts between them.

On the trial and at the close of the evidence the trial court, on plaintiff's motion, directed a verdict for the plaintiff for the amount claimed by him. The defendant moved the court for judgment in its favor notwithstanding the verdict, or for a new trial. The trial court made its order denying the motion for judgment, and granting the motion for a new trial. The plaintiff appealed from the order.

It appears from the undisputed evidence that the parties entered into the contract set forth in the answer for the delivery of the logs; that the defendant paid to the plaintiff in accordance with the contract, and as the work of getting out the logs progressed, the sum of $11,000; that the plaintiff, pursuant to the contract, delivered into the booms for the defendant logs aggregating three million feet, which the defendant received and took away; and further that the plaintiff, though requested so to do, refused to deliver any more logs under the contract.

It is the contention of the plaintiff that, upon the pleadings and undisputed evidence, the directed verdict in his favor was correct, for the reason the case made by the complaint and record of the trial was one for the recovery of the reasonable value of logs delivered to and accepted by the defendant, and not one to recover on contract for the agreed price of the logs.

If the seller delivers to the buyer a less quantity of goods than he contracted to sell, and the buyer accepts the part delivered, he must pay the reasonable value thereof, subject to any damages he may have sustained by the seller's failure to fulfil his contract. Benjamin, Sales, 145; 24 Am. & Eng. Enc. (2d Ed.) 1078; Churchill v. Holton, 38 Minn. 519, 38 N. W. 611; Mobile Fruit & Trading Co. v. McGuire, 81 Minn. 232, 83 N. W. 833. If, then, the plaintiff's pleadings, evidence, and conduct of the trial show that he did not base his right of recovery upon any express contract, but upon quantum meruit for logs delivered to and accepted by the defendant, the trial court correctly directed a verdict in his favor, for the defendant made no claim to any damages in this action. On the other hand, if the plaintiff, by his pleadings, evidence, and conduct of the trial, based his right to recover a balance due upon an express contract for the sale of the logs, he could only recover by showing that he had performed the contract on his part, or that the defendant had accepted the delivery of a part of the logs as full performance of the contract. Larson v. Schmaus, 31 Minn. 410, 18 N. W. 273. This was the view taken by the trial court in granting a new trial.

Now, upon which theory was the case tried? Counsel for the plaintiff urges with earnestness that his cause of action by the pleadings, evidence, and conduct of the trial was quantum meruit to recover the reasonable value of logs delivered to and accepted by the defendant. Counsel for the defendant urges with equal energy that such was not his cause of action, and in this contention he is sustained by the trial court. An examination of the record satisfies us that the trial court was right.

The complaint may be fairly construed as stating a cause of action to recover a stated balance of money for logs sold and delivered to the defendant at an agreed price, which he promised to pay; that is, that the logs were delivered pursuant to an express contract. It may also be construed as stating a cause of action to recover the reasonable value of logs delivered to defendant at his request. The first suggested construction of the complaint might well have been accepted by the defendant, and it is apparent from its answer that such was the view that it took of the complaint. It is true, as claimed by the plain-

tiff, that nothing in his reply could have had anything to do with the defendant reaching such conclusion. The reply is nevertheless especially significant, for it makes clear what the plaintiff intended by his complaint. It expressly admits that the parties entered into a contract for the delivery of the logs mentioned in the complaint, and that the logs delivered by the plaintiff as alleged in the complaint were accepted in full satisfaction of all contracts between them. The undisputed evidence shows that the contract set up in the answer was the contract under which the logs were delivered. This fact and the pleadings, taken as a whole, fully justify the conclusion of the trial court that the plaintiff's cause of action was based upon an express contract performed by him to the satisfaction of the defendant.

Counsel for the plaintiff, in discussing on the trial a question of the admissibility of evidence, expressly stated to the court:

> We want to show that the defendant accepted these logs that were delivered over Kettle Falls—about three millions of them —in full compliance with the contract to deliver five million logs

Such being the theory upon which the action was based and tried, it follows that the trial court erred in directing a verdict for the plaintiff, for the evidence was far from conclusive that the defendant accepted the logs actually delivered as full performance of the express contract to deliver a larger quantity.

Order affirmed.