O. ECKER v. LOUIS N. ISAACS.[1]

May 25, 1906.

Nos. 14,460—(37).

**Assignment of Error.**

> Plaintiff assigned as error the order of the court granting a new trial of the action on the ground that the evidence in that action was manifestly in favor of the verdict of the jury. This assignment of error was sufficient. Wilcox v. Mutual Fire Ins. Co., 81 Minn. 478, and Central M. M. Co. v. Fireman's Fund Ins. Co., 92 Minn. 223, 226, followed.

[1] Reported in 107 N. W. 1053.

**Contract—Pleading and Proof.**

The allegations of a complaint on a contract and the evidence introduced in support must substantially correspond. Proof of an express contract necessarily excludes a cotemporaneous implied one in relation to the same matter. A party plaintiff, who has declared on an express agreement, cannot recover on proof of an implied contract.

Appeal by plaintiff from an order of the district court for Steele county, Buckham, J., granting a motion for a new trial, after a trial and verdict in favor of plaintiff for $230.16. Affirmed.

*J. Van Valkenburg,* for appellant.

*Harlan E. Leach,* for respondent.

JAGGARD, J.

This is an action brought by plaintiff and appellant for the recovery of money paid as a part of the consideration for the purchase of land, for money paid out by plaintiff in connection with the transaction, and for damages for alleged breach by defendant and respondent of a contract of sale of said land. The case was tried to a jury, which rendered a verdict for plaintiff. The court granted defendant's application for a new trial. From that order this appeal was taken.

1. Plaintiff's assignment of error was as follows:

Plaintiff assigns as error the order of court granting a new trial of said action on the ground that the evidence in said action was manifestly in favor of the verdict of the jury.

That assignment was sufficient. It was held in Wilcox v. Mutual Fire Ins. Co., 81 Minn. 478, 84 N. W. 334, that such an assignment is as specific as can well be made, and is sufficient. This was followed and approved in Central M. M. Co. v. Fireman's Fund Ins. Co., 92 Minn. 223, 226, 99 N. W. 1120, 100 N. W. 3.

2. The point upon which the new trial was granted was, according to the memorandum of the trial court, as follows: The complaint was based on a written contract between plaintiff and defendant. Unless the evidence showed such contract, which was the only one defendant was called on to meet by his answer and later by proofs, the plaintiff could not prevail. Evidence to support an implied contract had been received as material to other issues in the case and there-

fore could not have been excluded, and its reception without objection did not foreclose the defendant. The defendant was therefore prejudiced by a charge of the court giving the jury permission to base a verdict on the implied contract.

The elementary rule that averments and proof must substantially correspond has been applied with some abatement of strictness to ordinary cases of contract. 39 Cent. Dig. "Pleading," §§ 1333, 1334, col. 2716, et seq. Proof of an express contract necessarily excludes a cotemporaneous implied one in relation to the same matter. Elliott v. Caldwell, 43 Minn. 357, 361, 45 N. W. 845, 9 L. R. A. 52. Therefore a party who has declared on an express agreement cannot recover on proof of an implied contract. Smoot v. Strauss, 21 Fla. 611; Cremer v. Miller, 56 Minn. 52, 57 N. W. 318; Mead v. Rat Portage Lumber Co., 93 Minn. 343, 101 N. W. 299; Saatoff v. Scott, 103 Iowa, 201, 72 N. W. 492; Elliott v. Caldwell, supra; 9 Cyc. 749.

. The correctness of this conclusion in the present case is unquestionable, in view of the fact that at the close of the testimony it was understood and stipulated in open court by plaintiff that he claimed and relied on the written contract only, and not on any verbal contract. In this view, the question presented by this appeal is whether certain letters and a telegram introduced in evidence constituted a written contract. One of those letters by the defendant to the plaintiff expresses the opinion that the defendant could sell the land described for a thousand dollars. To this the plaintiff wired an acceptance. Thereupon defendant wrote him inclosing a blank contract to be signed and returned without delay. The contract was not signed. It was not offered in evidence. It is obvious that no written contract was proved.

It is unnecessary to go into the other features of the case. The trial court was not in error in granting a new trial.

Order affirmed.