VAN L. ROSS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

November 1, 1907.

Nos. 15,272—(7).

**Injury to Live Stock—Evidence.**

   In this an action against a carrier to recover damages for injuries to live stock while in transit, it is *held* that the record does not show that the issues were limited to the question whether the stock was injured by the bumping of the cars, that the verdict for the plaintiff is sustained by the evidence, and, further, that the court did not err in its rulings as to the admission of evidence.

Action in the district court for Hennepin county to recover $1,000 for injury to horses while in the custody of defendant as a common carrier. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $367.50. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Alfred H. Bright,* for appellant.
*F. N. Hendrix* and *L. J. Van Fossen,* for respondent.

[1] Reported in 113 N. W. 573.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover damages for injury to the plaintiff's horses while they were in the possession of the defendant as a common carrier and in transit from Minneapolis to Kramer, North Dakota. There was a verdict for the plaintiff for $367.50, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The principal question raised by the assignments of error is whether the verdict is sustained by the evidence. The undisputed evidence tends to show that the plaintiff, on March 12, 1906, delivered to the defendant, at Minneapolis, twenty horses and two mules, in good condition, to be transported by the defendant over its line of railway to Kramer, there to be delivered to the plaintiff; that the animals were unloaded and reloaded at Hankinson, North Dakota, and were then in good condition; that the defendant delivered to the plaintiff at the point of destination only nineteen of the horses, one having been so seriously injured in transit that it had to be killed; that six of those which were delivered were found to be more or less injured; and that one of the mules was injured, and afterwards died by reason thereof. The plaintiff offered evidence tending to show that at Hankinson a switch engine bumped a loaded car against the car into which plaintiff's horses had been there loaded. The witness who gave testimony to this effect admitted on his cross-examination that he was unable to say that the bumping did not occur before the horses were unloaded at Hankinson. This evidence is here made the basis of a claim on the part of the defendant that the plaintiff assumed the burden of proving a specified act of negligence which caused the injury to his horses; hence the whole case was confined to the single act of the bumping of the cars, and, the evidence failing to show affirmatively that the bumping occurred after the horses were reloaded, there is no evidence to support the verdict.

The claim is plausible, but it is unsound. In the case of Boehl v. Chicago, M. & St. P. Ry. Co., 44 Minn. 191, 46 N. W. 333, cited by counsel, the complaint expressly alleged that the injury to the horse was caused by a specific act of negligence on the part of the defendant, namely, by permitting the bumping or collision of its cars. This

being the sole issue, voluntarily tendered by the plaintiff, the burden was on him to prove that the horse was injured by the collision. The record in the case at bar affords no basis for the claim urged by the defendant. The complaint alleged, generally, the delivery of the animals in good condition to the defendant carrier, its failure safely to carry and deliver them, and the nature of the loss suffered thereby. The answer admitted that the defendant received the animals for transportation, that one of the horses received such injuries in transit that it was necessary to kill him, and put in issue the other allegations of the complaint.

At the close of the evidence the defendant's counsel moved the court to direct the jury to return a verdict in favor of the defendant, on the ground that there was no evidence from which reasonable minds might draw the inference that the injury to the horses was in any manner due to the fault of the defendant, but that there was conclusive evidence that the injury was due to the propensities of the animals and to the fault of the plaintiff. The motion was denied, and the court instructed the jury to the effect that if the plaintiff delivered the animals in good condition to the defendant for transportation, and it failed safely to carry and deliver them at their destination, it was incumbent on the defendant to show that "it exercised due care, and that the injury did not occur from any of its negligence but from other causes, such as the innate propensity of the animals to harm themselves, or each other, or through some negligence of plaintiff which contributed thereto." The issues so indicated were clearly submitted by the learned trial judge to the jury. No exceptions were taken to the charge at the trial, or on the motion for judgment or a new trial; nor is error here assigned as to the instructions given by the court. It conclusively appears, then, from this record, that the whole case was not "confined to the single act of the bumping of the cars at Hankinson," and, further, that counsel for the defendant at the trial did not claim anything of the kind.

It is further claimed by the defendant that the rule that proof of delivery of property to the carrier in good condition and failure safely to carry and deliver it at its destination makes a prima facie case of liability does not apply to live stock shipments where the owner or his agent accompanies the stock to look after it. The record does not

present this question, for no such question was raised in any manner at the trial; on the contrary, as already suggested, the issues and the rules governing the .defendant's liability, as submitted by the trial court, were accepted as correct by the defendant by its failure at any time or in any manner to object or except thereto.

This brings us to the real question in this case: Is the verdict sustained by the evidence? There was evidence tending to show that the injury to the animals was due to their innate propensity to harm each other and the viciousness of one of them. The evidence, however, was far from conclusive. On the other hand, there was evidence tending to show that the injury to the animals was caused by a want of care on the part of the defendant, especially the evidence indicating the condition of the car and horses at the time they were found to have been injured. We hold that the verdict is sustained by the evidence.

Error is also assigned as to the ruling of the trial court in sustaining the plaintiff's objections to two questions propounded to the plaintiff's agent on cross-examination. The questions were to the effect whether the witness did not tell the defendant's claim agent that he thought the horse which was killed was injured by kicks from other horses in the car. The witness gave no opinion on his direct examination as to the cause of the injury to the horse. The ruling of the trial court was not error.

Order affirmed.