# W. D. WILLISON v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

July 8, 1910.

Nos. 16,633—(180).

**Function of a complaint.**

The primary function of a complaint is to so plainly state the facts constituting the cause of action as to appraise the party sought to be charged of what the pleader relies upon and intends to prove.

**Allegations of negligence — general and particular.**

Where general allegations of negligence are followed by particular statements of specific acts of negligence, the general allegations are restricted and qualified by the particular ones.

**Complaint construed — admission of evidence reversible error.**

Allegations in a complaint, construed as a whole, *held* not broad enough to have justified the admission of evidence tending to show defendant's negligence in failing to provide a proper yard for care of sheep when unloaded. The record did not show litigation of that issue by consent. Defendant was not bound to have anticipated this ground of negligence, and to have moved to make the pleadings more definite and certain with respect to it. The admission of the evidence under the circumstances was reversible error.

Action in the municipal court of Minneapolis to recover $450 for alleged negligence in the transportation of a shipment of sheep. The facts are stated in the opinion. The case was tried before Waite, J., and a jury which returned a verdict in favor of plaintiff for $404. From an order denying defendant's motion for a new trial, it appealed. Reversed.

*Charles W. Bunn* and *Charles A. Hart,* for appellant.

*Stiles, Devaney & Hewitt,* for respondent.

JAGGARD, J.

Plaintiff and respondent sought to recover damages from defend-

[1] Reported in 127 N. W. 4.

ant and appellant, caused by alleged negligence in the transportation of cattle from a point in Montana to a point in South Dakota. The complaint contained a general charge of negligence and three specific charges, namely: (1) Rough handling; (2) delay in transit; (3) "that the defendant * * * wrongfully and negligently failed and refused to permit said sheep to be unloaded at reasonable times and places while in transit to rest, feed, and water, and negligently failed and neglected to provide any facilities for the unloading of the said sheep from the cars, but on the contrary wrongfully and negligently kept said sheep confined upon said cars without food and water, and without unloading, continuously, for a great, unusual, and unreasonable and unlawful period of time." The controversy of this case turns upon the construction of this last allegation.

The charge of the court considered four allegations of negligence, namely: (1) Rough handling; (2) delay in transit; (3) confinement for fifty-one hours, a time greater than is prescribed by federal statute; (4) failure to provide at Sunnyside, near Mandan, North Dakota, a proper yard for the care of sheep when they were unloaded. The court further charged: "At Mandan or Sunnyside it was the duty of the carrier * * * to furnish a reasonable and proper place where those sheep could be fed and watered. Now, it was not necessarily their duty to have a yard there paved or tiled or arranged in any particular way. All that was necessary was to have one which under all circumstances was reasonably fit and proper for its purpose, and what is reasonable under those circumstances is the question for the jury." In brief, the jury was left to determine whether defendant was negligent with respect to the "condition of the stockyard." The places referred to were intermediate points or stations between the place of shipment and the point of destination. The jury found for plaintiff. This appeal was taken from the order of the trial court denying defendant's motion for a new trial.

The first question is whether under the complaint the court was justified in receiving evidence to show the improper condition of the yard at Sunnyside, despite defendant's objection, and in submitting to the jury the question of defendant's negligence with respect thereto. It is clear that, where general allegations of negligence are

followed by particular statements of specific acts of negligence, the general allegations are qualified and restricted by the particular ones. Hostetter v. Illinois Central R. Co., 104 Minn. 25, 115 N. W. 748; Moore v. Baltimore, 103 Va. 189, 48 S. E. 887; Missouri v. Chittim (Tex. Civ. App.) 40 S. W. 23; Ross v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 102 Minn. 249, 113 N. W. 573; Boehl v. Chicago, M. & St. P. Ry. Co., 44 Minn. 191, 46 N. W. 333; Hurst v. St. Louis, 117 Mo. App. 25, 94 S. W. 794; Texas v. Stewart, 43 Tex. Civ. App. 399, 96 S. W. 106; Gulf v. Wright (Tex. Civ. App.) 87 S. W. 191. The question is then narrowed to whether defendant's negligence with respect to the Sunnyside yards was made an issue of the case by the third allegation above quoted in full.

If that allegation had ended with the word "cars," the construction might have not been unreasonable that it charged defendant with wrong in failing to furnish a stockyard in proper condition. The converse clause, however, determined the controversy adversely to plaintiff, that is, "on the contrary, [defendant] wrongfully and negligently kept said sheep confined upon said cars without food and water and without unloading continuously for a great, unusual * * * period of time." This is not an allegation that the sheep were unloaded at an improper place, but an allegation of wrongful confinement. Plaintiff was restricted to a natural, but liberal, construction of his allegation of specific negligence. The pleading was definite and certain. It limited the charge of negligence to the grounds specifically stated. Defendant was under no duty to anticipate the additional ground as to the condition of this yard any more than any other unnamed, but possible, ground. The duty rested on the plaintiff to state his case; not on the defendant to correct it.

The second question then arises, whether the pleadings as practically construed by the course of trial were broad enough to have justified the rulings of the trial court. Defendant duly objected to this line of testimony when it was offered, and at the close of the trial made adequate requests for a charge that this issue was not within the pleadings. There was, therefore, no consent to litigate. It is true that before the trial a deposition was taken in which testimony was given as to the improper condition of the intermediate

yard.   This, however, did not put upon the defendant the duty of making any motion that the pleadings be made more definite and certain, otherwise corrected.   The deposition concerned an irrelevant issue.   That plaintiff happened to have a witness about to testify on this point as to the condition of the yard, and called him, was not a circumstance sufficient to preclude it from having an opportunity to interpose a full and adequate defense.

This court intends to be extremely liberal in the construction of pleadings, and has consistently refused to permit mere technical objections to thwart justice.   But the natural and necessary function of a complaint is to so plainly state the facts constituting the cause of action as to apprise the party sought to be charged with what the pleader relies upon and intends to prove.   The complaint in this case did not advise the defendant that plaintiff intended to show the negligent condition of the yard in controversy.   This is not a mere technical defect in pleading, but a substantial failure to plead the charge, resulting in material prejudice to defendant.   Defendant is entitled to a new trial.   It is so ordered.

Reversed.