## IRVING CRETEAU v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

February 10, 1911.

Nos. 16,862—(227).

**Liability under federal or Wisconsin statute — charge to jury.**

An action for personal injuries, predicated wholly and entirely upon the statutes of the state of Wisconsin abolishing the fellow servant doctrine as respects railroad employment, and tried throughout upon the theory of liability thereunder, *held* erroneously submitted to the jury upon the question whether defendant was liable under the federal employer's liability act.

Action in the district court for Ramsey county, based upon the Wisconsin act of 1907, c. 254, to recover $25,000 for personal injuries sustained while employed as a mechanic in defendant's shop at Milwaukee. The defenses set up in the answer are stated in the opinion. The reply was a general denial. The case was tried before Orr, J., who, at the close of the trial, denied defendant's motion for a directed verdict upon the grounds, among others, that the Wisconsin statute was unconstitutional and had been superseded

[1]Reported in 129 N. W. 855.

[Note] Fellow servant rule as affected by statute, see note in 12 L.R.A.(N.S.) 1040.

by the federal statute, 35 St. 65, c. 149, and submitted the case to the jury under the federal employer's liability act. The jury returned a verdict in favor of plaintiff for $12,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed and new trial granted.

*Brown, Abbott & Somsen,* for appellant.

*Barton & Kay,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict, and defendant appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

Plaintiff was in the employ of defendant in the capacity of machinist at the city of Milwaukee, in the state of Wisconsin. He there received the injury to recover compensation for which this action was brought. The action, by the allegations of the complaint, was predicated upon chapter 254, Laws Wis. 1907, and that statute was pleaded and therein set out in full. That statute in substance abolishes the fellow servant doctrine, as respects railroad employment, but provides that it shall not apply to "employees working in shops or offices." The defense was (1) that plaintiff was a shop employee, and therefore not within the provisions of the statute; and (2) that his injury was occasioned by his own contributory negligence, and that he assumed the risks. The issues thus presented were litigated on the trial. Plaintiff offered in evidence the Wisconsin statute, and evidence tending to support and establish the other allegations of the complaint, and defendant offered evidence in support of its defense.

At the conclusion of the trial defendant moved for a directed verdict upon several grounds, among others, that the statute of Wisconsin, made the basis of the action, was unconstitutional and void, and had been superseded by the act of congress known as the "Federal Employer's Liability Act." [35 St. 65, c. 149.] The motion was discussed by counsel at length, and the trial court ruled, in harmony with defendant's contention, that the Wisconsin statute,

having been enacted prior to the act of congress, was superseded by the latter, and consequently that plaintiff could not recover under that statute. The court further ruled, however, that the case should go to the jury upon the question whether defendant was liable, on the facts disclosed, under the act of congress. The case was sent to the jury accordingly, and a verdict returned for plaintiff. Defendant duly excepted. This ruling is assigned as error and presents the controlling question on this appeal.

1. It is clear that the learned trial court erred in disposing of the case in the manner stated. Counsel for plaintiff does not seriously contend to the contrary. The action, by the allegations of the complaint, was founded entirely upon the Wisconsin statute, and the trial proceeded throughout upon the theory of liability or nonliability thereunder. The action of the court in submitting the case to the jury under the act of congress was a clear departure from the issues presented and the course of the trial, and unauthorized. Elston v. Fieldman, 57 Minn. 70, 58 N. W. 830; Bowen v. Thwing, 56 Minn. 177, 57 N. W. 468.

There must be a reversal, therefore, unless the contention of plaintiff, that defendant is estopped from raising the question, and that in any event the manner of the submission of the case was without prejudice, be sustained. Plaintiff's contention in this respect is that by urging in support of an objection to the introduction in evidence of the Wisconsin statute, and again in support of the motion for a directed verdict, that the state law had been superseded by the act of congress, thus inducing the court to so hold, defendant is estopped from raising the point that the case was improperly submitted to the jury, and, again, that no prejudice resulted from the action of the court.

Neither of these claims can be sustained. The conduct of counsel on the trial in arguing to the court that the Wisconsin statute had been superseded by the act of congress cannot, in the face of his objection and exception, be held a consent to try the case upon issues not presented by the pleadings, and there was no waiver of the right to insist that the trial be confined to those issues. It might with equal force be contended that in an action to recover upon an

open account, in which on the trial defendant established the fact that he had given a negotiable promissory note for the amount of the account, and counsel urged that fact on a motion for a directed verdict, plaintiff might recover upon the note. There was, therefore, no waiver or estoppel.

Nor can it well be said that there was no prejudice to the rights of defendant. We would not be justified by the record in saying that the course of the trial, and the evidence adduced, would have been the same, had the act of congress been made the basis of the action. The Wisconsin statute and the act of congress are essentially different in some substantial respects. The one refers to injury to employees in the railroad service in Wisconsin; the other to railroad employees engaged in interstate commerce. Under the federal act contributory negligence is not a defense, but serves only in reduction of damages, while it constitutes a defense under the Wisconsin statutes if greater than the negligence of defendant. The course of the trial of an action predicated upon either would naturally vary and materially differ, and we are not prepared to hold that a shifting from one to the other at the close of the trial is a mere informality.

2. The question discussed at some length by counsel for plaintiff, namely, the validity of the Wisconsin statute, and whether it has been superseded by the act of congress, as respects railroads engaged in an interstate business, is not properly before the court. The question is not presented by any assignment of error and was not discussed by counsel for defendant, and he was not required to do so. It is not, therefore, considered.

Order reversed and new trial granted.

JAGGARD, J., took no part.