ANTON BELSHAN and Another v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

February 9, 1912.

Nos. 17,337—(186).

**Accident at railway crossing — questions for jury.**
    As plaintiffs were attempting to cross defendant's tracks at a public highway with a threshing outfit, and while delayed on the crossing by the rails

[1] Reported in 134 N. W. 507.

[Note]  Defective condition of railroad crossing as affecting traveler's right to recover for injuries sustained in collision with train, see notes in 14 L.R.A. (N.S.) 312; 20 L.R.A.(N.S.) 426.

extending above the planking, a train ran into the outfit and caused damage thereto. In this action to recover for such damage, it is *held:*

1. Whether defendant was negligent in failing to maintain the rails of its track substantially level with the planking was a question for the jury, and the verdict is sustained by the evidence.

2. Whether plaintiffs were guilty of contributory negligence was a question of fact for the jury, and its decision of such question is sustained by the evidence.

Action in the district court for Freeborn county to recover $2,000, damages to a threshing outfit struck by defendant's train at a highway crossing. The case was tried before Kingsley, J., who, when defendant rested, denied its motion for a directed verdict in its favor, and a jury which returned a verdict in favor of plaintiffs for $650. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Catherwood & Nicholsen,* for appellant.
*Dunn & Carlson,* for respondents.

Bunn, J.

A branch of defendant's railroad crosses the highway at a very acute angle some two miles west of the village of Myrtle, in Freeborn county. The highway is on a section line, and is the main traveled road between Myrtle and Glenville. The approach to the crossing is a moderate slope some forty feet in width, and the planking between and outside of the rails is fifty or sixty feet long. Plaintiffs were the owners of a threshing outfit, consisting of a traction engine, separator, and coal cart. On August 9, 1910, at about 8:30 in the evening, while plaintiffs were attempting to cross the tracks with the outfit, a passenger train of defendant crashed into the separator, demolished that and the cart, and caused some damage to the traction engine. This action was brought to recover the value of the property destroyed and the damages to the engine. The complaint alleges negligence in various particulars, but the only charge that in the opinion of the trial court the evidence tended to support was that the rails were from an inch to two inches higher than the planking. Defendant denied its negligence, and claimed that the accident

was caused by the negligence of plaintiffs. The trial court denied defendant's motion to direct a verdict, and submitted the issues to the jury. The result was a verdict for plaintiffs. Defendant made the usual motion in the alternative, and appealed from an order denying the same.

The contentions here are: (1) That the evidence fails to disclose any negligence on the part of defendant which will support a verdict for plaintiffs; (2) that plaintiffs were guilty of contributory negligence as a matter of law. In determining these questions we must take the facts as the jury was justified by the evidence in finding them to be. These facts are substantially as follows:

Plaintiffs had finished one job of threshing late in the afternoon, and it was necessary to take their outfit over the crossing to reach the premises of a farmer for whom they were to thresh the next day. About eight o'clock in the evening, the exact time being in dispute, plaintiffs approached the crossing; both riding upon the platform of the engine, which was pulling the separator and coal wagon. When they reached the crossing they stopped the engine and looked for trains. They then knew that the regular passenger train had not passed, and that if on time it was due at the crossing at about 8:30. It was growing dark, and plaintiffs could not see more than a quarter of a mile; but they saw no train, and started to make the crossing. The front wheels of the engine struck the rail on the north side and slid along some thirty feet before getting over; then they struck the south rail and slid twelve feet further; finally the engine got across the tracks, and the separator on them just as the passenger train was seen rapidly approaching. It was then too late to get the separator across. When the headlight of the train was observed, plaintiffs sounded the whistle of the traction engine, and two friends who were present went up the track and tried to flag the train by lighting a match. The train was coming at a speed of forty-five miles an hour, and did not heed the distress signals. Plaintiffs and their witnesses estimate the time during which they were engaged in frantic efforts to get the outfit safely over the crossing at from ten to fifteen minutes. Their testimony tends to show that

they were somewhat excited, realizing the necessity of haste, but forgetting the imminence of their peril.

1. It is reasonably clear that the accident would not have happened if the rails had been substantially level with the planking, and we think the evidence justified the jury in finding that the crossing was a violation of the statute in this respect. This disposes of the question of defendant's negligence.

2. As far as the negligence of plaintiffs is concerned, the case is very close. We cannot hold that it was negligence to attempt to make the crossing ahead of the train. There was ample time, had they not been delayed on the track, and it cannot be said that they knew or ought to have known that the delay might occur. Neither can we say that plaintiffs could have backed up after discovering their predicament, or that releasing the separator from the engine would have avoided the accident.

The troublesome question is whether plaintiffs, upon discovering that their efforts to cross were taking time, should have taken more effective means than they did to stop the train. No effort was apparently made to that end until after the train was seen, when it was too close to make such efforts availing. It is evident that it would have been necessary for one of plaintiffs or their friends to have started up the track to flag the train long before it was seen or heard. Considering the great speed of the train, the emergency in which plaintiffs were placed through the negligence of defendant, and the fact that their thoughts were naturally directed towards extricating themselves by getting the engine across the tracks, we feel that whether plaintiffs used the degree of care that ordinary men would use under similar circumstances is a question upon which reasonable minds might draw different conclusions, and hence that we have no right to say as a matter of law that plaintiffs were guilty of negligence.

We hold, therefore, that the evidence presented a question of fact

117 M.—8.

for the jury, and that we ought not to disturb the jury's decision after the trial court has approved it.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.