# GEORGE AHRENS v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

May 9, 1913.

Nos. 17,924—(70).

**Action for violation of Federal Safety Appliance Act.**
1. Complaint construed, and *held* to state a cause of action for personal injuries occasioned by the alleged failure of defendant, an interstate carrier, to comply with the Federal Safety Appliance Act, and that the issues in the case were properly submitted to the jury upon that theory.

**Case distinguished.**
2. Creteau v. Chicago & N. W. Ry. Co. 113 Minn. 418, distinguished.

**Charge to jury.**
3. There were no reversible errors in the instructions to the jury.

Action in the district court for Ramsey county to recover $25,000 for personal injury. The answer alleged that plaintiff while engaged in switching operations at Herndon, Iowa, placed his foot between the coupler of one car and the coupler of another while those cars were coming and came together, resulting in an injury to his foot, and that the cars were equipped with automatic couplers. It further alleged that the injury was caused by plaintiff's want of due care. The reply denied the new matter in the answer. The case was tried before Olin B. Lewis, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict of $8,416 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*F. W. Root* and *Nelson J. Wilcox,* for appellant.
*Samuel A. Anderson* and *A. F. Storey,* for respondent.

[1] Reported in 141 N. W. 297.

Note.—The question of the duty and liability under Federal and state railway safety-appliance acts is treated in notes in 20 L.R.A.(N.S.) 473, and 41 L.R.A.(N.S.) 49.

BROWN, C. J.

Action for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying its motion for judgment or a new trial.

The short facts are as follows: Defendant, a corporation, owns and operates a line of railroad extending through Illinois, Iowa, Minnesota, and other states, and as such engaged in interstate commerce. Plaintiff was in the employ of defendant on one of its interstate freight trains as a brakeman, and was injured while coupling cars by reason, as alleged in the complaint, of the negligence of defendant in permitting the automatic coupling appliances attached to said cars to become out of order and in an unsafe condition, in consequence of which plaintiff, in making the coupling, was compelled to go between the cars to adjust the appliance, and was caught and injured.

1. The complaint alleged, in general terms, facts showing that defendant was a common carrier and engaged in interstate commerce, and that plaintiff was in its employ as a brakeman on one of its interstate trains. The complaint also alleged that the injury, of which he complained, occurred in the state of Iowa, and the statutes of that state were specially pleaded as a foundation of defendant's liability.

It appeared from the evidence, and without dispute, that defendant is an interstate carrier, and that the train in connection with which plaintiff was employed was, at the time of the injury, engaged in interstate commerce. And, at the close of plaintiff's case in chief, defendant moved to dismiss the action, on the ground that no recovery could be had under the Iowa statutes, for the reason that the statutes of that state, relied upon by plaintiff, had been superseded by the Federal Employer's Liability Act. The court denied the motion, holding that the complaint was broad enough in its allegations to justify a recovery under the Federal statutes. To this ruling defendant excepted. The trial proceeded upon the theory expressed by the court in denying the motion, and the cause was submitted to the jury accordingly. The court in its charge limited plaintiff's right of recovery to the question whether defendant had violated the Federal Safety Appliance Act, in having upon the car causing the injury a defective coupling appliance, and wholly eliminated all consideration

of liability under the Iowa statutes. Whether the court erred in so submitting the case to the jury presents the principal question on this appeal.

It is contended by defendant that this was a distinct departure from the issues made by the complaint, and, within the case of Creteau v. Chicago & N. W. Ry. Co. 113 Minn. 418, 129 N. W. 855, reversible error. We do not sustain this contention.

The complaint is broad enough, as held by the trial court, to sustain the claim that a failure on the part of defendant to comply with the safety appliance act was intended by the pleader to be made in part the basis of plaintiff's cause of action. It is true that the Federal statutes were not specifically pleaded. But this was not necessary. It is sufficient that the facts pleaded show a liability thereunder. Denoyer v. Railway Transfer Co. supra, page 269, 141 N. W. 175; McDonald v. Railway Transfer Co. supra, page 273, 141 N. W. 177. In the Creteau case the injury complained of occurred in Wisconsin and the action, brought in this state, was predicated, as stated in the opinion, solely upon the Wisconsin statutes. The complaint in that case did not proceed upon the theory of liability under the Federal statutes, as well as under the Wisconsin statutes, and it was held that it was error to submit the case to the jury on the claim of a violation of the Federal statute, inasmuch as that issue was not presented by the pleadings and had not been litigated on the trial. The situation there presented materially differs from that in the case at bar. Here the facts showing a violation of the Federal statutes were pleaded, and the court early in the trial held that, if a violation thereof was shown, recovery might be had thereunder. The case comes within the rule laid down in Rowlands v. Chicago, 149 Wis. 51, 135 N. W. 156, where a similar question was presented and disposed of adversely to defendant's contention in the case at bar.

2. Defendant complains of certain of the instructions of the court to the jury. These assignments of error have all been fully considered, with the result that no reversible error appears. Though the learned trial judge was not as clear in his instructions in some respects as he might have been, it is apparent that he intended to submit the case to the jury upon the question whether the Federal Safety Appliance

Act had been violated, and not under the employer's liability act. This appears with sufficient certainty when the charge is taken as a whole. It thus appears that the jury were required to determine whether the coupling appliance was defective and in an unsafe condition, and they were instructed that, if they found as a fact that it was in good condition, then plaintiff could not recover. The contention of the defendant that this particular question was taken from the jury by other instructions is not sustained. The charge is clear upon this feature of the case, and distinctly left the issue to the jury.

The instructions, as we read them, also made it clear that plaintiff's right of recovery could only be based upon a showing of negligence on the part of defendant in permitting the coupling appliances to become defective and out of order. In fact, the court stated that to be the first and principal question in the case. Some parts of the charge, taken alone, tend to support in some measure the argument and contention of defendant; but, taken as a whole, we think the pivotal questions were clearly brought to the attention of the jury, and that a finding of a defective coupling appliance, resulting from defendant's negligence, was thereby made essential to the right of plaintiff to recover. In whatever respect the instructions may be said to be indefinite, or not sufficiently specific, the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, applies.

It may be conceded that plaintiff's right of action was necessarily founded upon the Federal Employer's Liability Act; but the finding of the jury that the coupling appliance was negligently permitted to become defective·and out of repair removed the questions of assumption of risk and contributory negligence, and the court was right in so stating to the jury.

This covers all the assignments of error, and results in an affirmance.

Order affirmed.