# ST. PAUL SOUTHERN ELECTRIC RAILWAY COMPANY v. JOHN H. FLANAGAN.[1]

### October 12, 1917.

### No. 20,507.

**Negligence — pleading — question for jury.**

 1. Upon the facts stated in the complaint the question of defendant's negligence in driving a traction engine and grain separator upon the tracks of an electric railway, at a highway crossing, when there was a dense fog, without ascertaining whether a train, then known by him to be due, was approaching, and without notifying the operator of the train that he was attempting to make the crossing, is for the jury.

**Same — contributory negligence.**

 2. The complaint does not, by allegations or by inference from facts alleged, show contributory negligence.

Action in the district court for Dakota county to recover $2,246.43 damages caused by collision with defendant's traction engine. From an order, Converse, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*Todd, Fosnes, Sterling & Nelson,* for appellant.
*McNamara & Waters,* for respondent.

[1]Reported in 164 N. W. 584.

HOLT, J.

A demurrer to the complaint was sustained and plaintiff appeals. The pleading alleged, in substance, that plaintiff operated an electric railway between St. Paul and Hastings, Minnesota; that one of its cars from Hastings was due at a station on its line known as Brown's Crossing at 7:39 a. m; that this car left Hastings on the morning of September 23, and when it was approaching Brown's Crossing defendant wilfully, negligently and wantonly there drove upon the right of way and track of plaintiff a heavy traction engine to which was attached a grain separator; that at the time defendant drove said engine upon the track of plaintiff there was a dense fog and he well knew that the car operated by plaintiff was due to pass at Brown's Crossing, but he nevertheless failed and neglected to use any means to notify the operators of plaintiff's car that the traction engine was then on the track upon which said car of plaintiff was running; and that, by reason of said negligence of defendant, plaintiff's car collided with the traction engine whereby the car was broken and damaged in a stated amount.

It does not appear from the complaint that the collision took place upon a public highway, unless it is to be inferred from the name of the station. But, since the court below and the attorneys for both parties assume the accident to have happened at a place where a public highway intersects plaintiff's right of way, we indulge the same assumption. In the nature of things, the trains or cars operated by railroads along their own right of way are not expected to give precedence to persons or vehicles at intersections of public highways. The necessity of rapid and safe public transportation forbids the slowing down of trains at every highway intersection so as to give the traveler on the highway, who perchance is nearer the intersection, the right to cross first. Statutory enactments impliedly recognize that it is the duty of travelers on public highways to refrain from attempting to pass over a railroad grade crossing when there is danger of collision with an approaching train. The railroads are required by signs and signals to notify travelers on the highways of the existence of a railroad crossing and of the approach of their trains. This evidently with the purpose that no one shall attempt to cross when a train or car is so near that a collision might ensue. Travelers on public highways approaching a railroad crossing must give

the right of way to advancing trains or cars. As said in Hendrickson v. Great Northern Ry. Co. 49 Minn. 245, 51 N. W. 1044, 16 L.R.A. 261, 32 Am. St. 540: "Where a railway and a public road intersect, the rights of the traveler and of the railway company are regarded as equal, but, of course, the traveler must yield the right of way to a train drawing near." This, of course, has no general application to street railway companies operating cars by electricity or other power along a public street. It may be conceded that the general allegation of negligence in driving the traction engine upon the track does not avail in view of the subsequent specific charge of negligence in failing to give notice. But even so, it would seem that a jury might properly find that an ordinarily prudent person, knowing that this car was then due, would not undertake to make this crossing in a dense fog with a slow traveling traction engine, pulling a threshing rig behind, without having certain knowledge that the car was not so near that a collision would be imminent, or without taking the precaution to warn the operators of the expected car that he was in the act of crossing. That defendant did not ascertain whether or not the car he knew to be due was dangerously near appears from the stated fact that a collision did occur. We think it cannot be said, as a matter of law, that the conduct of defendant under the circumstances alleged does not constitute actionable negligence.

The contention is not tenable that the complaint affirmatively discloses contributory negligence of plaintiff. The dense fog accounts for the failure to observe defendant's approach and use of the crossing. No inference may be indulged in that the statutory warnings and signals were not given or that there was excessive speed or any other negligence in the management of the car. The presumption is that those in charge of plaintiff's car used ordinary care in its operation.

The case of Belshan v. Illinois Cent. R. Co. 117 Minn. 110, 134 N. W. 507, does not appear to sustain defendant's position. There a traction engine and threshing outfit stalled upon a highway crossing on account of the railroad company's neglect to keep the crossing in proper repair. The owners of the threshing outfit spent some little time in an effort to get loose before they endeavored to signal an approaching train which they knew was due, but was not in sight, when the crossing was attempted. It was held that it was properly left to the jury to determine whether the

owner's failure to give timely warning of their predicament constituted contributory negligence.

In our opinion it was error to sustain the demurrer herein.

Order reversed.