## E. M. SMITH v. JAMES C. DAVIS.[1]

March 6, 1925.

No. 24,558.

**Amendment of complaint properly denied.**

1. Action for damages caused by a fire alleged to have been set by defendant's locomotive. The trial court was within its discretion in refusing to permit an amendment to the complaint alleging that the loss was caused by a different fire, starting at a different time and place from that alleged in the original complaint.

**Certain evidence inadmissible under original complaint.**

2. Evidence to prove such other fire was not admissible under the original complaint.

*Headnote 1. See Pleading, 31 Cyc. p. 412.
Headnote 2. See Railroads, 33 Cyc. p. 1356.

Action in the district court for Pine county against defendant, as agent designated by the President under the Transportation Act of 1920, to recover $5,000. The case was tried before Searles, J., who at the close of the testimony granted defendant's motion to dismiss. From the judgment, plaintiff appealed. Affirmed.

*William T. Coe,* for appellant.

*Fryberger, Fulton, Hoshour & Ziesmer,* for respondent.

TAYLOR, C.

Plaintiff appeals from a judgment dismissing his action. The action was begun in January, 1922. The complaint alleges that the "Soo" railway company had two lines of railway running from the village of Moose Lake—one to Aitkin and other towns, the other to Red Top and other towns; that in August, September and October, 1918, while these lines were being operated by the director general of railroads, locomotives passing over them started fires along the

[1]Reported in 202 N. W. 483.

right of way; and that in October, 1918, these fires extended to and destroyed plaintiff's property. When the cause was called for trial in August, 1924, plaintiff sought to amend his complaint by alleging that the fire which destroyed his property was started by defendant at White Pine in April, 1918; and that it passed from the right of way into a bog where it smoldered until October and was then carried by a high wind to plaintiff's property. White Pine is not on either of the lines of railway mentioned in the original complaint, but on a branch extending from one of them. Defendant opposed the amendment on several grounds. Among them that it set forth a different tort and a new cause of action which was barred by the statute of limitations; that in 1918 and 1919 defendant had made an extended investigation of the fires alleged to be of railroad origin along the lines of road mentioned in the original complaint without learning that anyone claimed that a fire of railroad origin had started in the vicinity of White Pine; that it was not prepared to litigate that question; and that other fires had since burned over portions of that area and owing to the lapse of time and the changed conditions it was very doubtful whether the facts could be ascertained or evidence found to establish them. The court denied the application to amend. Thereafter plaintiff made an offer to prove the facts alleged in the amendment. This proof was objected to and excluded as not within the issues tendered by the pleadings. Plaintiff admitted that he had no other evidence, and that he could not prove that any fire had been started by the railroad at the time stated in the complaint or along the lines of railroad stated therein. Thereupon, on defendant's motion, the court directed a judgment of dismissal. The only question presented is whether the court erred in denying the application to amend and in excluding the proffered testimony.

Evidence to prove a different fire, started at a different time and at a different place from that alleged in the complaint was clearly inadmissible under the complaint. Creteau v. C. & N. W. Ry. Co. 113 Minn. 418, 129 N. W. 855; Willison v. N. P. Ry. Co. 111 Minn. 370, 127 N. W. 4; Donahue v. N. W. Tel. Exch. Co. 103 Minn. 432, 115 N. W. 279; First Nat. Bank v. Stadden, 103 Minn. 403, 115 N.

W. 198; Jemming v. G. N. Ry. Co. 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696; Morrow v. St. Paul City Ry. Co. 65 Minn. 382, 67 N. W. 1002; Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053.

Plaintiff was not entitled as a matter of right to amend his complaint by substituting for the fire alleged therein a different fire occurring at a different time and place. Whether the court, in the exercise of its discretion, could have permitted the amendment under the circumstances, we need not inquire. It was certainly no abuse of discretion to refuse to permit it at that time. Dunnell, Minn. Dig. and Supps. §§ 7696, 7698, and cases there cited.

As the rules governing these questions are decisive of the case, we have no occasion to consider other questions discussed in the briefs.

Judgment affirmed.