## ANTON LYNNES v. P. C. FRAZEE.[1]

September 26, 1930.

No. 28,025.

*Harris Richardson*, for appellant.
*N. F. Field* and *Cyrus A. Field*, for respondent.

LORING, C.

Appeal from an order overruling a general demurrer to a complaint. Question certified as important and doubtful. The sole question raised is whether or not the complaint states a cause of action against a bank director and president for accepting deposits through a subordinate while it is alleged that the defendant should have known that the bank was insolvent. The criticism offered by appellant is that the complaint does not allege that insolvency continued after the set-off of plaintiff's note against his deposit by the commissioner of banks after the closing of the bank of which defendant was an officer. It is also claimed that there is no allegation that the plaintiff has lost or that he will lose anything.

The complaint alleges insolvency of the bank and its inability to pay its debts at all times referred to, that the defendant had reason to know of it, the closing of the bank, and the damage to the plaintiff in consequence thereof in the net amount of his deposit after deducting his note.

[1]Reported in 232 N. W. 324.

This court has announced its intention to be extremely liberal in the construction of pleadings. Willison v. N. P. Ry. Co. 111 Minn. 370, 373, 127 N. W. 4. On demurrer a pleading is to be construed liberally in favor of the pleader. 5 Dunnell, Minn. Dig. (2 ed.) § 7724, and cases cited.

So construed the pleading before us states a cause of action. A general allegation of damage is sufficient with the facts here pleaded to allow proof of plaintiff's loss.

Order affirmed.