# IDA BAUFIELD v. W. J. WARBURTON AND ANOTHER.[1]

November 21, 1930.

No. 28,127.

*L. K. Eaton* and *C. W. Ingham,* for appellants.
*Erling Swenson,* for respondent.

[1] Reported in 233 N. W. 237.

Olsen, J.

Defendants appeal from an order denying their alternative motion for judgment notwithstanding the verdict, or, if that be denied, then for a new trial.

Plaintiff, Ida Baufield, brought suit to recover damages for personal injuries caused to her by being struck by an automobile driven by one of the defendants upon a paved state highway, and recovered a verdict.

■ The sufficiency of the evidence to sustain the verdict is challenged on two grounds: (1) That the evidence does not sustain the finding that the driver of the car was negligent, or that such negligence, if any, was the proximate cause of plaintiff's injury; (2) that the evidence establishes plaintiff's contributory negligence as a matter of law. We shall not attempt to set out the evidence. On the first ground it is sufficient to say that the evidence justified the jury in finding the driver of the car negligent, and, if so, there was no difficulty in further finding that his negligence was the proximate cause of plaintiff's injury. Whether plaintiff was guilty of contributory negligence was a closer question. But our conclusion is that we cannot hold that she was guilty of contributory negligence as a matter of law. Under the evidence, these were each and all questions of fact for the jury, and the evidence sustains the findings of the jury thereon.

■ The complaint charges that "the defendants * * * drove, handled and operated their said automobile in a careless, negligent and unlawful manner, and at a great and excessive rate of speed, and then and there carelessly, negligently and unlawfully, and without giving any warning, drove said automobile into, upon, and against said plaintiff." It is defendants' claim that these allegations limited the charges of negligence to excessive speed and failure to warn. It is the rule that where a pleading alleges negligence in general terms, followed by specifications as to what the negligence consists of, the specifications control over the general allegation. O'Malley v. St. P. M. & M. Ry. Co. 43 Minn. 289, 45 N. W. 440; Willison v. N. P. Ry. Co. 111 Minn. 370, 127 N. W. 4;

St. P. S. Elec. Ry. Co. v. Flanagan, 138 Minn. 123, 164 N. W. 584; Lovell v. Marshall, 162 Minn. 18, 202 N. W. 64, 66.

An examination of these cases indicates the reasonable limitations of the rule. Pleadings are liberally construed, motions to make them more definite and certain are provided, and trial courts have large discretion to grant amendments even after the evidence is heard.

In O'Malley v. St. P. M. & M. Ry. Co. 43 Minn. 289, 45 N. W. 440, the defendant alleged contributory negligence on the part of a young child. It was held not error for the court to refuse to receive evidence of negligence on the part of the mother, not alleged.

The case of Willison v. N. P. Ry. Co. 111 Minn. 370, 127 N. W. 4, is one where the general allegation of negligence was followed by definite specifications as to wherein such negligence consisted, and the rule was properly applied.

In St. P. S. Elec. Ry. Co. v. Flanagan, 138 Minn. 123, 164 N. W. 584, the rule is referred to, but a specific charge of failing to give notice was held not to limit the recovery to that charge alone, there being other allegations of negligently driving a traction engine and pulling a threshing rig onto an electric railroad crossing at a time when a car was known to be due.

In Lovell v. Marshall, 162 Minn. 18, 22, 202 N. W. 64, the rule is more clearly stated than in the prior cases as follows:

"It is a rule of pleading that specific prevail over general allegations, and hence where a result of fact is pleaded generally and also the specific facts by which the general result is reached, the latter control  *  *  *."

45 C. J. p. 1084, states:

"Where general allegations of negligence are followed by particular statements of specific acts of negligence, unless it appears that the general allegations were intended to cover acts other than those specifically alleged, the general allegations are qualified and restricted by the particular ones."

"In suits based upon negligence, the cause of action is the violation of the ultimate duty to exercise due care that another may

not suffer injury." McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 211, 149 N. W. 131, 133, L. R. A. 1916D, 1164; Tuder v. Oregon S. R. L. Co. 131 Minn. 317, 155 N. W. 200; Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434.

In the complaint before us the allegations of excessive speed and failure to warn are coupled with the other allegations of negligence by the conjunction "and." The last clause is that the defendants "negligently and unlawfully, and without giving any warning, drove said automobile into, upon, and against said plaintiff." It reasonably appears that the words "without giving any warning" were intended as an addition to rather than a limitation of the charge of negligently driving the car against the plaintiff. That such was the intention appeared by the opening statement of plaintiff's counsel. It is difficult to understand why plaintiff's counsel, when objection was made at the beginning of the trial to litigation of questions of negligence other than excessive speed and failure to warn, did not then, or at least before the end of the trial, seek proper amendment of her complaint so as specifically to cover all claims of negligence. This would no doubt have obviated the bringing of any such question here. However, placing as we must a liberal construction on this complaint, we hold it sufficient to cover negligence of the driver in operating and driving the car in other respects than as to speed and failure to warn, and that the court did not err in denying defendants' motion at the opening of the trial to limit the issue of negligence and later denying the motion to strike out testimony, nor in submitting to the jury the question whether the car was driven over the center line of the pavement onto the left or wrong side of the highway and the driver was negligent in so doing.

■ The sufficiency of the evidence to justify the court in submitting to the jury the question whether the driver of defendants' car did drive partly over onto the left side of the pavement is challenged. We find evidence sufficient to justify the court in so doing.

■ The court in its charge stated that the plaintiff could not recover unless the jury found from the evidence that her injuries

were suffered by reason of the negligent operation of the car by the driver; and in another place said that plaintiff could not recover unless the negligent driving of the car proximately resulted and caused plaintiff's injuries. The charge was sufficient on the question of proximate cause.

The court charged that there was some evidence of permanent injury and that the jury might allow damages for any permanent injury if the evidence showed, in their judgment, that she would undergo or suffer inconvenience in the future. The court did not say to the jury that they could allow damages in this respect only for such suffering or inconvenience as they found from the evidence it was reasonably certain she would sustain or suffer in the future. Technically the charge was incorrect or incomplete on this point, and the attention of the court was called thereto at the time. But there is now no claim of an excessive verdict, and we are satisfied no prejudice resulted.

Many errors are assigned on other parts of the charge. We find none serious or requiring further consideration.

Order affirmed.