BENJAMIN THOMPSON *vs.* NATHAN MYRICK AND WIFE.

July 27, 1877.

**Trial by Court—When Finding of Fact Need not be Made.**—Where on a trial before a court without a jury, or a referee, the action, when the plaintiff rests, is dismissed for insufficiency of the evidence, the court or referee need not make any finding of fact. There is only the question of law raised—and that is raised upon the evidence alone—can a judgment for plaintiff be sustained upon the evidence introduced?

**Judgment—What Facts Determined by, Although not Pleaded.**—A judgment determines every matter which pertains to the cause of action or defence, or which is involved in the measure of relief to which the cause of action or defence entitles the party, even though such matter may not be set forth in the pleadings so as to admit proof, and call for an actual decision upon it.

**Judgment for Specific Performance—When a Bar to an Action for Damages.**—In an action for specific performance to convey real estate, any claim which the plaintiff may have to compensation, on account of defendant's inability to perform his contract, pertains to the cause of action, and whether presented by the pleadings or not, is determined by the judgment. And where, in an action for specific performance, the defendant has, before action brought, disposed of a part of the real estate, and all the relief asked for in the complaint and granted by the judgment, is a conveyance of the real estate not so disposed of, that judgment is a bar to a subsequent action on the same contract to recover for the real estate so disposed of.

In 1858, Nathan Myrick, one of the defendants in this action, entered into an agreement with Benjamin Thompson, the above plaintiff, whereby he undertook to vest in the said Thompson the title to such lands as should be obtained by the location of certain half-breed scrip. The scrip having been located, Thompson brought an action against Myrick and wife to compel the specific performance of the agreement. The complainant in that action alleged that the defendants had conveyed to one William Branch, January 23, 1867, one equal undivided three-fourths part of all the said land. But it also alleged that a part of one lot secured by the location of said scrip had been conveyed to the Western Land Association, July 11, 1870, and that the said association had conveyed to the said Myrick, on the fifteenth of July, a portion of the aforesaid lot. The plaintiff therefore demanded that the defendants be decreed to make conveyance to him of one undivided fourth part of all the lands first described, and the entire fee in that portion of the lot last described, or that the decree of the court should stand in place thereof, and be effectual to carry the title thereto, and that he have such further order, relief or decree, as is consonant to equity and good conscience, and as to the court may seem meet. The district court for Ramsey couny, *Wilkin*, J., presiding, entered a decree in accordance therewith, and duly vested the plaintiff with title to the said premises as in said complaint demanded. See *Thompson* v. *Myrick and Wife*, 20 Minn. 205.

The said Thompson thereafter brought this action to recover the sum of $12,000, alleged to have been received by the defendants from the sale of that undivided three-fourths part of the said land not included in the former decree of the court. The complaint alleged that an undivided three-fourths of a certain parcel of the said land had been sold to William Branch on the twenty-third of January, 1867, for $7,000; and that an undivided three-fourths of the remainder of the said land had been sold to the Western Land Association, in January, 1868, for $5,000. Upon the trial, by the district court

for Ramsey county, *Simons*, J., presiding, the plaintiff offered in evidence the judgment roll in the former action, and rested. The defendants then moved that the action be dismissed, upon the ground that the suit, established by the said judgment roll, was a bar to the present action, which motion was allowed by the court, and a motion for a new trial having been denied, the plaintiff appealed.

*E. C. Palmer* for appellant.

The court erred in dismissing the cause on defendants' motion. Gen. St. c. 66, §§ 242, 243, 244; *Trustees* v. *Cagger*, 6 Barb. 576; *Scofield* v. *Hernandez*, 47 N. Y. 313. The judgment roll introduced was only evidence, and before the court could hold it a bar, the judge should have found the facts established by the evidence, and his conclusions thereon, separately. It is not the evidence which constitutes a bar, but the fact or facts deduced from the evidence, which deduction must be made in accordance with the provisions of the statute. Here the judgment was introduced by the plaintiff as evidence, to prove part of the facts of his case; and as it failed to show without argument or inference, that the cause of action now litigated was settled in that judgment, adversely to the position now taken, a motion to dismiss should have failed.

The judgment roll did not conclusively establish all the facts essential to recover in this action, and was therefore not a bar. *Doty* v. *Brown*, 4 N. Y. 71; *Towns* v. *Nims*, 5 N. H. 259; *Bernard* v. *Hoboken*, 3 Dutch. 412; *Roberts* v. *Robeson*, 27 Ind. 454; *King* v. *Chase*, 15 N. H. 9; *Taylor* v. *Dustin*, 43 N. H. 493; *Garwood* v. *Garwood*, 29 Cal. 521; *Campbell* v. *Consualus*, 25 N. Y. 613; *Caperton* v. *Schmidt*, 26 Cal. 479; *Jackson* v. *Wood*, 3 Wend. 35; *Lawrence* v. *Hunt*, 10 Wend. 81; *Mersereau* v. *Pearsall*, 19 N. Y. 108; *Bank* v. *Lewis*, 8 Pick. 113; *Jones* v. *Fales*, 4 Mass. 255; *Patterson* v. *Jones*, 27 Ind. 457; *Taylor* v. *Castle*, 42 Cal. 371; *Seddon* v. *Tutop*, 6 Tenn. 607; *Burwell* v. *Knight*, 51 Barb. 267; *Nickerson* v. *California*, 10 Cal. 520; *Briggs* v. *Wells*, 12 Barb.

567; *Packet Co.* v. *Sickels,* 5 Wall. 580; *Whittemore* v. *Whittemore,* 2 N. H. 26; *Parker* v. *Thompson,* 3 Pick. 429; *United States* v. *Sumner,* 4 Sumn. 426.

The complaint in the former action contains no reference to the Western Land Association, and the sale to Branch is only alleged in order to show the extent of the title remaining in the defendants. It is apparent, therefore, that there is no identity of subject-matter between the two actions. The first is an equitable action to recover certain real estate; the second is an action at law to recover a sum of money derived from the sale of certain other distinct and separate real estate.

Again the former judgment could not have been a bar to the present suit, unless the present cause of action was finally adjudicated by such judgment. *Eastman* v. *Cooper,* 15 Pick. 276; *Hopkins* v. *Lee,* 6 Wheat. 109; *Badger* v. *Titcomb,* 15 Pick. 416 *Sawyer* v. *Woodbury,* 7 Gray, 499; *Burlen* v. *Shannon,* 14 Gray, 433; *Webster* v. *Lee,* 5 Mass. 334; *Wheeler* v. *Van Houton,* 12 John. 311; *Phillips* v. *Bench,* 16 John. 136; *Morse* v. *Marshall,* 97 Mass. 519; *Johnson* v. *Morse,* 11 Allen, 540; *Secor* v. *Sturges,* 16 N. Y. 548; *Goenen* v. *Schroeder,* 18 Minn. 66; *Dixon* v. *Merritt,* 21 Minn. 196. The judgment, however, could not have been a final adjudication of such matters as were not directly put in issue by the pleadings. *Potter* v. *Baker,* 19 N. H. 166; *McDonald* v. *Bear River Co.* 15 Cal. 148; *King* v. *Chase,* 15 N. H. 9; *Bigelow* v. *Winsor,* 1 Gray, 302. Now here the title to the land in each action was based upon the same contract, but the cause of action was not the same in each suit. In the one case the cause of action arose out of a refusal to convey specific land; in the other the cause of action sprang from the refusal to pay over money derived from the sale of certain other land. It is manifest, therefore, that the two causes of action do not grow out of the same transaction, and are not sustained by the same evidence. *Lawrence* v. *Vernon,* 3 Sumn. 24. Certainly the failure of the plaintiff to unite the two causes of action in his first complaint, will not render the judgment in

⸱the first action a bar to this suit. *Campbell* v. *Britts*, 3 N. Y. 173; *Whitcomb* v. *Williams*, 4 Pick. 228; *Young* v. *Rummell*, 2 Hill, 478; *Goenen* v. *Schroeder*, 18 Minn. 66: *Dixon* v. *Merritt*, 21 Minn. 196. The judgment in that action was confined to the specific relief demanded, and it cannot be maintained that its effect was enlarged as a bar to subsequent litigation, by means of the prayer for general relief. Gen. St. c. 66, § 246; *Emery* v. *Pease*, 20 N. Y. 62; *Conaughty* v. *Nichols*, 42 N. Y. 83.

Finally, it should be noted that all the cases which allow parol proof to show what was, in fact, decided in the suit pleaded as a bar, are opposed to the ruling of the court in this case, for if the test is, simply, could the matters have been included in the first suit under any form of allegation, there can be no need of parol proof to show that they were actually brought in. If, therefore, the defendants desired to show that certain facts, not apparent upon the record in evidence, were actually proved and decided at the former trial, they should have established the estoppel by proof *aliunde*.

*Davis, O'Brien & Wilson*, for respondents.

The complaint in this action did not allege ignorance of the conveyance to the Western Land Association at the time the first action was commenced. *Badger* v. *Badger*, 2 Wallace, 47. The first complaint, moreover, contained a prayer for general relief, and the record in that action was therefore a bar to this suit. Freeman on Judg. §§ 249, 272, 282, 284; Fry on Spec. Perf. 447, 450, 466, 486; *Sullivan* v. *Triunfo*, 29 Cal. 585; *Lindsley* v. *Thompson*, 1 Tenn. Ch. 272; *Gray* v. *Pingry*, 17 Vt. 419; *Perkins* v. *Walker*, 19 Vt. 144; *Bancroft* v. *Winspear*, 44 Barb. 209; *Guernsey* v. *Carver*, 8 Wend. 492; *Bendernagle* v. *Cocks*, 19 Wend. 207; *Fish* v. *Folley*, 6 Hill, 54; *Marble* v. *Keyes*, 9 Gray, 221; *Stein* v. *Steamboat*, 17 Ohio, (State,) 471; *Erwin* v. *Lynn*, 16 Id. 539; *Hites* v. *Irvine's Adm'r*, 13 Id. 283; *Le Guen* v. *Gouverneur*, 1 John. Cas. 436; *Southgate* v. *Montgomery*, 1 Paige, 41; *Groshon* v. *Lyon*, 16 Barb. 461; *Ogden* v. *Bodle*, 2 Duer, 611; *Mills* v.

*Block,* 30 Barb. 549; *Goddard* v. *Benson,* 15 Abb. 191; *Embury* v. *Conner,* 3 N. Y. 511; *Aurora City* v. *West,* 7 Wall. 82–102; *Graham* v. *Oliver,* 3 Beav. 124–128; Story Eq. Jur. § 796, *et seq.*

GILFILLAN, C. J.   This action is based on a contract between plaintiff and the defendant Nathan Myrick, by which the latter agreed to secure to be lawfully vested in the plaintiff the title to lands which should be obtained by the location of certain pieces of half-breed scrip.   The complaint sets out the contract, alleges the location of the scrip upon certain lands described, and such other facts as entitled plaintiff to have the title to the lands vested in him by defendant Nathan, pursuant to the contract.   It then shows that Nathan, after the location of the scrip, refused, upon demand by plaintiff, to perform said contract, and fraudulently, and with intent to put the title to the lands beyond the reach of plaintiff, and to secure the same to himself, and for his sole use and benefit, procured the title to them to become vested, by a series of conveyances, all made without consideration, in his wife, the defendant Rebecca, and that she took such conveyances with full notice of all the facts, and that afterwards the defendants conveyed an undivided three-fourths of part of the lands to William Branch, upon a consideration, paid to them, of $7,000, and also conveyed an undivided three-fourths of other part of the land to the Western Land Asssociation, upon a consideration of $5,000, and that the interests so conveyed have passed into the hands of *bona fide* purchasers.   It alleges the refusal of defendants to pay over to plaintiff the said sums, upon his demand therefor, and that defendants have appropriated the same to their own use, to his damage of $12,000, for which sum the complaint demands judgment.

One defence set up in the answer is a former judgment in bar.   The cause was tried by the court without a jury.   To prove his cause of action the plaintiff introduced in evidence the judgment roll, including the judgment, in a former action in the district court between this plaintiff as plaintiff, and.

these defendants as defendants, and, after making some other proofs unimportant to the question involved in this appeal, rested.    On the defendants' motion the court dismissed the action on the ground that the former action is a bar.    If that judgment be a bar to this action then the plaintiff, while proving that he once had a cause of action, proved also that such cause of action is gone; proved that he has no longer any cause of action.    The practice of the court below in ordering a dismissal, without making any finding of fact, was correct.    Upon a motion to dismiss there is simply raised the question of law, could a judgment for the plaintiff, upon the evidence introduced by him, be sustained?    *Scofield* v. *Hermandez*, 47 N. Y. 313.    That question of law is presented upon the evidence itself, and not upon the finding of fact which the court might make upon it.    Certainly when the former judgment is in evidence, if it be a bar, no judgment in favor of plaintiff upon the evidence could be sustained.

The cause of action in the former suit was upon the same contract set up as the basis for the cause of action in this. The complaint in that action sets out that contract, alleges all the facts as in this complaint, entitling plaintiff to a performance of it, a demand for performance and a refusal to perform, and the fraudulent acts of both defendants, by which the title was vested in the defendant Rebecca, and also alleges the conveyance to Branch, but not the conveyance to the Western Land Association; though it does allege a conveyance by defendants to said association of the entire interest in a part of the lands, and a reconveyance to defendant Nathan of a portion of the lands so conveyed to said association, and it demands that defendants be decreed to make conveyance to plaintiff of an undivided fourth of all the lands, and of the entire fee in the lands so reconveyed to defendant Nathan, or that the decree of the court stand in place thereof, and that the plaintiff have such other order, relief or decree, as is consonant to equity and good conscience, and as to the court may seem meet.    The decree in the case grants a specific

performance as to the interest specified in the prayer of the complaint, but no other relief. That action was brought three years after the conveyance to Branch, and two years after that to the Western Land Association, mentioned in the complaint in this action.

It is often a matter of much difficulty to determine whether a judgment is a bar to a subsequent action, nor is it easy to extract from the books any satisfactory general rule by which it may in all cases be tested. In *Dixon* v. *Merritt*, 21 Minn. 196–201, this court said : " Without undertaking to lay down any general rule, applicable to all cases, by which to deter-- mine what questions are and what are not settled by a former adjudication, it will be sufficient, for the purposes of this case, to say that, in order that a judgment in a former action should bind parties and privies, by way of estoppel, in a subsequent action, it must have directly decided a point that was material in such former action and is in litigation in the latter."

It must be understood, however, that a judgment shall be held to directly decide every matter which pertains to the cause of action or defence set up in the action, or which is involved in the measure of relief to which the cause of action or defence entitles the party, even though such matter may not be set forth in the pleadings, so as to admit proof and call for an actual decision upon it. It is well stated in *Harris* v. *Harris*, 36 Barb. 88–94 : "Such judgment or adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to, or essentially connected with, the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defence."

Therefore, where the cause of action is entire and indivisible, the judgment determines all the right of the parties upon it, although it may be but partially presented to the court.

*Bendernagle* v. *Cocks*, 19 Wend. 207; *Fish* v. *Folley*, 6 Hill, 54; *Marble* v. *Keyes*, 9 Gray, 221. And all claim for relief, special or general, upon the cause of action or defence, is disposed of and determined by the judgment, when the particular circumstances justifying such relief are not pleaded, as effectually as when they are fully set out.

If, then, the cause of action upon which this action is brought, is the same as that upon which the first action was brought—if this action presents no new cause of action, but only new grounds for relief upon the same cause of action— the judgment is a bar. The only matter set forth in this complaint, not contained in the former, is the conveyance by the defendants to the Western Land Association. Is that a new and independent cause of action? The contract was in the nature of a contract for the conveyance of real estate, as decided by this court upon the appeal in the first action. *Thompson* v. *Myrick*, 20 Minn. 205. The agreement to secure the title to become vested in the plaintiff was a single covenant, which included the whole of the lands, and there was a total breach of that covenant before the first action was brought. The breach consisted in the refusal to perform the contract, and not in making the conveyances to Branch and the association, except so far as those conveyances might be deemed a refusal.

This breach constituted a cause of action, for which the plaintiff might elect either of two remedies: *First*. An action for damages, in which the damages awarded would be an equivalent for the performance of the contract. *Second*. An action for specific performance, in which the court would have decreed a conveyance of the lands still in the power of defendants to convey, and awarded compensation as to the other lands. Fry on Spec. Perf. § 791, *et seq*. But he could not have both of these remedies, nor can we find any decision to support the proposition that he might pursue one remedy as to part, and the other as to the remainder, of the relief to which he might be entitled. The two actions proceed on

different theories: the action for damages on the theory that by the wrongful act of defendant the contract is at an end; the action for specific performance on the theory that it still subsists so far as to enable plaintiff to claim its performance specifically as to the land in defendants' power to convey, and by compensation as to the remainder. Had he brought an action for damages, the judgment would have been a bar to a second action for damages, even though he had not claimed all the damages to which he was entitled.

The case of *Fish* v. *Folley, ante,* was that of a continuing covenant to supply water to plaintiff's mill. In 1826 there was a total breach by defendant. In 1835 plaintiff sued for and recovered the damages accruing to that time, and that judgment was held a bar to a subsequent action for damages alleged to have accrued after that time. The court, after speaking of the covenant as a continuing one, said: "Yet, like any other entire contract, a total breach put an end to it, and gave the plaintiff a right to sue for an equivalent in damages. He obtained that equivalent, or should have obtained it, in the former suit. To allow a recovery again would be splitting up an entire cause of action, in violation of established principles."

The judgment for damages would have been a bar to a subsequent suit for specific performance. *Sainter* v. *Ferguson,* 1 Mac. & G. 285. When a suit for specific performance is brought, and the plaintiff brings an action for damages upon any of the matters with respect to which the court, in the first suit, can grant adequate relief, it will compel him to elect which action he will pursue. *Mills* v. *Fry,* 19 Ves. 277; *Carrick* v. *Young,* 4 Mad. Ch. 230; *Ambrose* v. *Nott,* 2 Hare, 650.

And where a decree for specific performance was had, and subsequently a judgment at law obtained for damages growing out of the same contract, an injunction was issued restraining the enforcement of the judgment. *Phelps* v. *Prothero,* 7 De G. M. & G. (56 Eng. Ch.) 722. Lord Justice

Turner said: "The defendant had originally the right to proceed either at law for breach of the agreement, or in this court for the specific performance of it. He adopted the latter remedy. I think that a plaintiff who has legal rights, and comes to this court for its aid, is bound to put his legal rights under the control of the court."

This case comes within that principle. When a plaintiff brings an action upon a contract, he is bound to submit to the court all claim that he then has to its relief upon that contract. If there are several grounds for relief, they constitute but one cause of action, and the judgment determines them all. The claim for compensation, in an action for specific performance, pertains to the cause of action, and, whether presented by the pleadings or not, is determined by the decree. Order affirmed.

NOTE.—See *Cromwell* v. *County of Sac*, 4 Otto, 351.