NORTHERN TRUST COMPANY v. CRYSTAL LAKE CEMETERY ASSOCIATION and Others.

LOUIS F. MENAGE v. SAME.[1]

January 7, 1897.

Nos. 10,239, 10,240—(155, 294).

**Judgment by Default—Vacating.**

*Held,* upon the facts appearing on the hearing of a motion made by the defendant to set aside and vacate a default judgment entered in an action brought to foreclose a real-estate mortgage and for leave to answer, that the court below did not err when it denied the motion.

**Same—Estoppel by Judgment.**

A judgment by default is attended with the same legal consequences, when considering the rules governing estoppel by judgment, as if there had been a verdict for plaintiff.

**Judgment of Foreclosure—Res Judicata.**

In an action to foreclose a mortgage, the court having jurisdiction over the subject-matter and over the parties, its judgment of foreclosure necessarily involves, as a condition precedent to the right to foreclose, the validity of the mortgage. The adjudication is final between the parties, and a bar by estoppel to further controversy between them upon that question.

Actions in the district court for Hennepin county. In the first case defendant cemetery association appealed from an order, Russell, J., denying a motion for a new trial. In the second case defendant cemetery association appealed from an order, Jamison, J., denying a motion to set aside the judgment and for leave to answer. Orders affirmed.

[1] Reported in 69 N. W. 708.

*Wilkinson & Traxler*, for appellant.

*Bartleson & Paul* and *Cross, Carleton & Cross*, for respondents.

COLLINS, J. These cases, growing out of the same transaction, were argued and submitted together. A statement of the facts seems necessary.

The cemetery association, defendant in each case, mortgaged certain real property to one Norton after it had platted the same into lots, had dedicated the premises as a place for the burial of the dead, had duly executed and acknowledged the plat, had filed the same for record, and such plat had been duly recorded. Menage, plaintiff in one of these actions, became the owner of the mortgage and the debt secured thereby, by assignment, and in May, 1890, commenced an action to foreclose the mortgage. The summons was duly and personally served upon the proper officers of the defendant association. Upon proof of such service, and that no appearance had been made, and no answer filed by or in behalf of the defendant, the court, after the expiration of the time within which answer should have been made, ordered that judgment of foreclosure of the mortgage and sale of the mortgaged premises be entered. On May 31, 1890, such a judgment was entered in due form by the clerk of the court, and upon a certified copy of such judgment the sheriff of the county proceeded to sell the premises, as by law authorized and required. The sale was made to Menage, and the sheriff made due report to the court. This report was duly confirmed by the court, and on November 12, 1892, the year of redemption having expired without a redemption, the court made its final decree in due form, in which it determined and adjudged that, as against the defendant association, the title to the mortgaged premises was vested in said Menage.

The trust company, plaintiff in one of these actions, is the assignee in insolvency of Menage, and in July, 1895, commenced an action in ejectment against the association to recover possession of the land described in the mortgage, judgment of foreclosure, and final decree. This is the action now before us, in which the trust company is plaintiff. Such proceedings were afterwards had in the action as resulted in findings of fact in plaintiff's favor with an order for judgment for possession of the land, and defendant's appeal is from an order denying a new trial.

Meantime the defendant association moved the court to set aside and to declare void the judgment in the foreclosure proceedings, and also the final decree therein, and also to vacate and set aside all proceedings had in the action to foreclose, and that it be allowed to appear and defend in the action. This motion was made on the files in the action, a petition, certain affidavits, and a proposed answer. The motion was denied, and defendant appealed.

This appeal is first in order of disposal.

The only reasons urged by the defendant why there was not inexcusable neglect and delay in making this motion are that when the action was brought the officers of the association consulted reputable attorneys as to a defense, and were advised and believed that it had no defense to the foreclosure proceedings. And also that when the case of Wolford v. Crystal Lake C. Assn., 54 Minn. 440, 56 N. W. 56, was decided, in which it was held that lands acquired by a cemetery corporation, duly platted for cemetery purposes, the plat being recorded, and the platted land used to some extent as a place for the burial of the dead, cannot be conveyed by such corporation except for the exclusive purposes of burial, and cannot be mortgaged, the association was justified in believing, and did believe, until the trust company brought its action, that it had abandoned all claim to the property under or by virtue of the mortgage or the foreclosure proceedings.

If it were possible, under any circumstances, for these reasons to be sufficient to excuse the defendant, and to warrant the court in opening the judgment so as to permit the interposition of an answer, the facts in this case would prevent the granting of the motion; for, although it is not made to appear affirmatively that the officers of the association knew of the entry of judgment in the action to foreclose at or about the day it was entered, May 31, 1890, they neglect to assert in their moving papers that they did not then know of it, and it is fair to presume that they did; and in reference to the advice of counsel, on which reliance was placed, it clearly appears from the moving papers that within a few days subsequent to the commencement of the Wolford action, which was early in February, 1892, these officers were advised by other counsel that any action based upon a mortgage given by a cemetery association upon land platted for burial purposes, dedicated and used as a place for the burial of

the dead, could be successfully defended, because such an association had no power to mortgage such real estate. This advice was given and received some months prior to the rendition of the final decree in November, 1892. Further than this, the judgment in the Wolford case, in which the law applicable thereto, as well as to the Norton mortgage, had its validity been questioned in the foreclosure action, was finally determined, was entered August 21, 1893. The defendant association, although knowing of the foreclosure judgment and of the subsequent steps, as we can presume, did not make this motion until early in September, 1895, more than three years after the case on which it now relies was decided. Nor is it an extenuating circumstance that the trust company took no steps towards enforcing the judgment and the later proceedings in the Menage case, until it brought ejectment in July, 1895. Menage or his assignee were under no obligation promptly to assert a claim for possession of the property. Upon the other hand, it was the defendant's duty promptly to make its attempt to relieve itself of the consequences of its default in the foreclosure action, when it discovered that there was a probability of making a successful defense to the mortgage. Obviously, the defendant made no case for relief under the provisions of G. S. 1894, § 5267. Nor is this claimed by its counsel. We quite agree with the remark in the order of the court below that the defendant "has been guilty of negligence in not making said motion long before this time, and is guilty of inexcusable laches." The order denying the motion in the Menage case must be affirmed.

And the order denying a new trial in the action of ejectment must also be affirmed, unless we are to disregard and overturn all rules of law respecting the conclusiveness of judgments of courts of record. It is to be observed that there is no intimation here that the judgment was secured through any fraud on the part of Menage, or connivance on the part of those who represented the defendant, and should have protected its interests. To be sure, it was a default judgment, but, when considering the rules governing estoppel by judgment, a judgment by default is attended with the same legal consequences as if there had been a verdict for plaintiff. There exists no solid distinction between a title confessed and one tried and determined. Freeman, Judgm. § 330, and cases cited. And the judgment in the foreclosure action determined every matter which pertained to

the cause of action set out in the complaint and involved in the meas-ure of relief to which the cause of action entitled the plaintiff, even though such matter may not have been set forth in such complaint so as to admit proof, and call for an actual decision upon it.   Thomp-son v. Myrick, 24 Minn. 4.   See, also, Bazille v. Murray, 40 Minn. 48, 41 N. W. 238.

And it has already been held in this court that under the issues tendered by a bill of complaint in an action to foreclose a mortgage upon real property the validity of the note and of the mortgage be-ing foreclosed and the amount due thereon are necessarily involved and adjudged by the judgment therein rendered; and that, the juris-diction of the court being undoubted, both as respects the subject-matter and the parties, it follows that its judgment, when properly pleaded, is a conclusive bar to any further litigation of the same mat-ter arising between the same parties in any other action.   Allis v. Davidson, 23 Minn. 442.

In the foreclosure action the court had jurisdiction over the subject-matter and over the parties, and its judgment necessarily involved, as a condition precedent to the right to foreclose, the validity of the mortgage given by the association.   Once adjudicated, that ad-judication is final, and a bar by estoppel to further controversy be-tween the same parties upon the same questions.   This case is not a peculiar and exceptional one, in which the well-settled rules re-lating to estoppel by judgment are inapplicable, as counsel con-tend, but is within these rules, and must be governed by them.

Counsel have also in their brief and in the oral argument referred to and relied upon Wolford v. Crystal Lake C. Assn., supra, as authority for the proposition that, as defendant was without power to execute the mortgage, the doctrine of estoppel has no applica-tion here, and the judgment does not bar it from setting up the want of power in an action to eject.   But it must be borne in mind that the only estoppel suggested or involved in that action was one in pais.   The mortgage then under consideration covered a part of this same cemetery, and an attempt had been made to ratify its execution by the adoption of a resolution by the association, while the foreclosure was by advertisement under the statute, and not by judicial proceedings.   The language used there must be read with reference to the subject and facts under discussion, and noth-

ing was said which would indicate that the expressions were intended to cover the doctrine of estoppel by judgment.

Counsel have also referred to the fact that a number of lots have been sold since the Wolford case was decided, and the bodies of deceased persons have been buried upon this tract of ground. The rights of lot owners, under these circumstances, are not now before us for consideration.

Both orders stand affirmed.