# BERTHA McKNIGHT v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

October 23, 1914.

Nos. 19,058— (23).

**Judgment a bar to subsequent action.**

1. A single and entire cause of action cannot be split up into several suits, and the judgment in a suit brought upon such cause of action is a bar to a second suit thereon, although the complaint in the second suit may set forth grounds for relief which were not set forth in the complaint in the first suit.

**Negligence — basis of cause of action.**

2. In suits based upon negligence, the cause of action is the violation of the ultimate duty to exercise due care that another may not suffer injury.

**Judgment a bar to subsequent action.**

3. A judgment, rendered in a suit brought by a passenger to recover for injuries sustained while alighting from a street car, is a bar to a subsequent suit brought by the same passenger against the same defendant to recover for the same injuries, although the particular acts of negligence charged may be different in the two suits, as the cause of action in both suits is the violation of the ultimate duty to afford safe egress from the car.

Action in the district court for Hennepin county to recover $25,-500 for personal injury received while a passenger upon one of defendant's street cars. The answer set up a former action between the parties upon the same cause of action wherein judgment was duly docketed, upon the merits thereof, against the plaintiff in this action in the sum of $71 and in favor of defendant. The case was tried before Hale, J., who made findings and ordered judgment dismissing the action. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Francis B. Hart,* for appellant.

*John F. Dahl,* for respondent.

1 Reported in 149 N. W. 131.

TAYLOR, C.

Plaintiff was a passenger upon one of defendant's street cars and while alighting therefrom fell and was injured. She brought an action against defendant for damages, in which she charged that defendant caused the accident by suddenly and negligently closing the gates and starting the car while she was in the act of alighting. After a trial lasting several days the jury returned a verdict for defendant, and thereafter judgment was duly entered thereon in favor of defendant. Subsequently she brought the present action against the defendant for damages for the same injury, and in this action charged that the car was provided with a defective step and that she caught her foot on the defect in the step and fell in consequence thereof. The trial court held that the judgment in the first action barred a recovery in the present action, and the only question for decision is whether the trial court was correct in so holding.

In Thompson v. Myrick, 24 Minn. 4, decided in 1877, the court held that a judgment decides "every matter which pertains to the cause of action or defense set up in the action, or which is involved in the measure of relief to which the cause of action or defense entitles the party, even though such matter may not be set forth in the pleadings, so as to admit proof and call for an actual decision upon it;" that "where the cause of action is entire and indivisible the judgment determines all the right of the parties upon it, although it may be but partially presented to the court;" that "all claim for relief, special or general, upon the same cause of action or defense, is disposed of and determined by the judgment, when the particular circumstances justifying such relief are not pleaded, as effectually as when they are fully set out;" and that such judgment is a bar to a second suit, if such second suit "presents no new cause of action, but only new grounds for relief upon the same cause of action."

The rule announced in that decision, and which, in later cases, has been summarized in the statement that "a single and entire cause of action cannot be split up into several suits," has been consistently followed ever since. Geiser Threshing Machine Co. v. Farmer, 27

Minn. 428, 8 N. W. 141; Pierro v. St. Paul & N. P. Ry. Co. 39 Minn. 451, 40 N. W. 520, 12 Am. St. 673; Bazille v. Murray, 40 Minn. 48, 41 N. W. 238; Northern Trust Co. v. Crystal Lake Cemetery Assn. 67 Minn. 131, 69 N. W. 708; O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746, 79 Am. St. 426; King v. Chicago, M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 50 L.R.A. 161, 81 Am. St. 238; Gilbert v. Boak Fish Co. 86 Minn. 365, 90 N. W. 767, 58 L.R.A. 735; H. W. Wilson Co. v. A. B. Farnham & Co. 97 Minn. 153, 106 N. W. 342; Liimatainen v. St. Louis River D. & Imp. Co. 119 Minn. 238, 137 N. W. 1099; Kinzel v. Boston & Duluth F. L. Co. 124 Minn. 416, 145 N. W. 124.

The decisions cited and relied upon by plaintiff do not establish a different rule. In West v. Hennessey, 58 Minn. 133, 59 N. W. 984, the court held that the cause of action in the first suit was not the same as in the second suit, although both arose out of the same transaction. In the second suit plaintiff sought to recover damages sustained through false representations made by defendant and relied upon by plaintiff. No question of fraud or false representations was involved in the first suit. In Village of Wayzata v. Great Northern Ry. Co. 67 Minn. 385, 69 N. W. 1073, it was held that a judgment defining the rights of defendant in respect to the use of the streets of the village in connection with a passenger station and boat landing maintained by it in the village, was not conclusive as to its rights in such streets in an action brought after it had removed its station and boat landing to a point outside the village. In Swanson v. Great Northern Ry. Co. 73 Minn. 103, 75 N. W. 1033, a demurrer had been sustained on the ground that the complaint failed to state a cause of action, and it was held that the judgment rendered pursuant thereto did not bar a subsequent suit in which the cause of action alleged was valid and sufficient. In Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. 247, plaintiff failed in a suit to recover the contract price for performing certain work, for the reason that he had not completed the work; and the judgment therein was held not to bar a subsequent suit for the reasonable value of the services rendered, it appearing that plaintiff had been prevented from completing the contract by the act of de-

fendant. In Kaaterud v. Gilbertson, 96 Minn. 66, 104 N. W. 763, it was held that a judgment in favor of defendant in a suit to have a deed declared a mortgage and to redeem therefrom, did not bar a subsequent suit to enforce specific performance of an oral contract to convey to plaintiff the same land involved in the former suit. In Stitt v. Rat Portage Lumber Co. 101 Minn. 93, 111 N. W. 948, where plaintiff failed to recover upon a certain express contract, the judgment therein was held not a bar to a subsequent action upon a different contract, although both contracts related to the same transaction. In Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811, it was held that an action for rescission which failed because plaintiff had waived his right to rescind, did not bar an action for deceit growing out of the same transaction.

In the above cases the court held that the two suits were based upon different causes of action, and therefore that the prosecution of the second was not barred by the judgment in the first. In the discussion as to whether the two causes of action were the same, it is stated in some of the cases, perhaps without making it entirely clear, that the designated test should be applied to the ultimate cause of action and not to the particular facts alleged in the pleadings, that the "test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the former and the present action." Plaintiff invokes this rule and insists that this test shows that the present suit is not barred by the judgment in the former suit. She argues that, as she did not allege and hence could not prove the defect in the step in the former suit, and has not alleged and hence cannot prove the negligent starting of the car in the present suit, the present suit is not based upon the same cause of action as the former. This does not necessarily follow. In arriving at this conclusion plaintiff overlooks the rule stated in Thompson v. Myrick, supra, and repeatedly reiterated in later cases, that the judgment decides "every matter which pertains to the cause of action * * * even though such matter may not be set forth in the pleadings, so as to admit proof" thereof; and that "all claim for relief, special or general, upon the same cause of action or defense, is disposed of and determined by the judgment, when the particular

circumstances justifying such relief are not pleaded, as effectually as when they are fully set out;" and that such judgment bars a second suit which "presents no new cause of action, but only new grounds for relief upon the same cause of action." The test is not whether the two complaints are so drawn that the same evidence would be admissible under both, but whether the same evidence which will sustain the cause of action upon which a recovery is sought in the second suit, would also have sustained the cause of action upon which a recovery was sought in the first suit. Whether the instant case falls within or without the rule depends upon whether the wrong for which redress is sought is the same wrong for which redress was sought in the former suit, and not upon whether the complaint sets forth grounds for relief which were not set forth in the former complaint. The case of Liimatainen v. St. Louis River D. & Imp. Co. 119 Minn. 238, 137 N. W. 1099, is decisive of the present case. It is there said that "one action only lies to redress a single wrong, or, as frequently expressed, a single tort gives rise to a single cause of action, and a plaintiff cannot be permitted to indulge in unnecessary litigation by splitting up a cause of action and prosecuting more than one suit thereon;" and the decision in Columb v. Webster Mnfg. Co. 84 Fed. 592, 28 C. C. A. 225, 43 L.R.A. 195, holding that a judgment for defendant, in a suit to recover for personal injuries, barred a subsequent suit between the same parties to recover for the same injuries, although additional acts of negligence were alleged in the second suit, was approved. It is further stated in the Liimatainen case that "a cause of action for wrong is predicated upon the violation of an ultimate duty, and, though the performance of such duty may require the doing or omission of many separate and distinct acts, the omission or doing of which would constitute a violation of the ultimate duty, it is nevertheless the violation of the latter, and not the specific acts or omissions, which constitutes the actionable wrong."

In suits based upon negligence, the cause of action is the violation of the ultimate duty to exercise due care that another may not suffer injury. In the instant case plaintiff was a passenger upon defendant's street car, and it was the duty of defendant to afford her safe

egress therefrom. Her claim for damages is grounded upon the charge that defendant violated such duty. The violation of this duty constitutes her cause of action. In the first suit she charged that defendant violated this duty by suddenly starting the car while she was in the act of alighting. In the present suit she charges that defendant violated such duty by providing a defective step for her to use in descending from the car. Both suits are based upon the violation of the ultimate duty to afford safe egress from the car. The second suit "presents no new cause of action, but only new grounds for relief upon the same cause of action," and under the authorities cited is barred by the judgment in the former suit. It follows that the decision of the trial court was correct and must be affirmed. So ordered.