# HENRY TUDER v. OREGON SHORT LINE RAILROAD COMPANY.[1]

## December 10, 1915.

## Nos. 19,463—(118).

**Complaint — pleading and proof.**

1. Under the code, a plaintiff may allege all the facts which give rise to his cause of action, and may recover if he prove sufficient of such facts to entitle him to relief.

**Negligence — complaint — election of ground of recovery.**

2. In an action for damages resulting from negligence, he may allege all the grounds giving rise to his cause of action, and is not required to elect, at the beginning of the trial, whether he will establish by his proofs one or another of such grounds.

Action by the mother of plaintiff minor to recover $50,000 for injury received by him while in the employ of defendant. The case was tried before Dickson, J., who ruled that he would compel plaintiff to elect upon what theory he would proceed, as stated in the second paragraph of the opinion. Plaintiff declined to make the election and the court dismissed the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Barton & Kay* and *W. T. Currigan,* for appellant.

*Edward P. Sanborn,* for respondent.

TAYLOR, C.

The complaint contains allegations to the effect that defendant operates a line of railroad from Butte in the state of Montana to and beyond Ogden in the state of Utah, and is engaged in transporting freight and passengers in interstate commerce thereover; that, at said city of Butte in the state of Montana, defendant employed plaintiff and other men to go from said city to a place beyond the city of Ogden in the state of Utah and there work upon the railway tracks used by defendant in its

[1]Reported in 155 N. W. 200.

interstate commerce.; that plaintiff together with the other men so employed entered a train at Butte for the purpose of being transported by defendant over its railway to the place where they were to perform their work, and were in charge of a foreman of defendant; that the train arrived at Ogden and the foreman stated that it would stop 30 minutes for lunch; that the plaintiff left the train, procured a lunch and returned in 15 minutes to re-enter the train but found it had gone; that, pursuant to instructions from defendant's representatives at Ogden, plaintiff boarded a freight train, then engaged in interstate commerce, and, in accordance with such instructions and with the knowledge of the officials in charge of the train, took position upon a flat car loaded with material to be delivered at the place where plaintiff expected to perform his work; that, when this train had proceeded about four miles, defendant's employees in charge thereof negligently caused the car upon which plaintiff was riding to receive a sudden and extraordinary jerk which threw him from the car upon the track in such manner that both legs were run over and cut off by other cars in the train, and that plaintiff was being transported in interstate commerce at the time of the injury.

On the opening of the trial, at defendant's instance, the court required plaintiff to elect whether he would proceed upon the theory that the relation of master and servant concurrently engaged in interstate commerce existed between himself and defendant; or upon the theory that the relation of passenger and carrier existed between them; or upon the theory that he was a licensee or trespasser injured by wanton negligence while known to be in a position of peril. Plaintiff refused to elect, and thereupon the court dismissed the action. Plaintiff made a motion for a new trial; his motion was denied and he appealed.

Plaintiff contends that the court erred in requiring him to make such election before the evidence had been presented. Defendant insists that plaintiff must choose at the outset whether he will seek to recover under the "Federal Employer's Liability Act," or under the state law; and if under the latter, whether as an employee, a passenger, or a licensee.

The code provides that the complaint shall contain "a plain and concise statement of facts constituting a cause of action." G. S. 1913, § 7753. As required by this statute, the complaint sets forth the facts upon which plaintiff bases his claim. These facts constitute but one

cause of action. That cause of action is the alleged violation by defendant of its duty to exercise proper care to avoid injury to plaintiff while he was upon its train. Liimatainen v. St. Louis River D. & Imp. Co. 119 Minn. 238, 137 N. W. 1099; McKnight v. Minneapolis Street Ry. Co. 127 Minn. 207, 149 N. W. 131. If defendant violated this duty, such violation gave rise to only one cause of action and one remedy, whether the duty was imposed by the Federal statute or by the state law. Payne v. New York, S. & W. R. Co. 201 N. Y. 436, 95 N. E. 19. As only one cause of action is asserted, the question of making an election between inconsistent causes of action is not involved.

The complaint contains no inherently inconsistent or antagonistic allegations. Under the code, a plaintiff may allege all the facts which give rise to his cause of action, and may recover if he prove sufficient of such facts to entitle him to relief. As said in Greenleaf v. Egan, 30 Minn. 316, 15 N. W. 254: "When the proofs make out, within the allegations of the complaint, a cause of action, legal or equitable, though it be not of the character given it by the entire complaint, the plaintiff has a right that the cause be retained and tried and the proper relief upon the facts proved administered."

In order to recover, plaintiff, by his proofs, must establish a state of facts which imposed upon defendant the duty to exercise care to avoid injury to him, and which show that defendant violated such duty to his damage. He has only one cause of action, and must present, in this suit, all the grounds upon which he relies for a recovery. He cannot present a part of such grounds in this suit, and, if he fails to establish them, present other grounds in a new suit. McKnight v. Minneapolis Street Ry. Co. 127 Minn. 207, 149 N. W. 131. He has the right to offer proof of all the facts alleged in his complaint; and, if the facts proven be sufficient to establish that the duty existed and was violated by defendant to his injury, he is entitled to recover whether the duty violated was imposed by the Federal law governing the relation of master and servant in interstate commerce by railroad, or by the state law governing the relation of master and servant, or by the state law governing some other relation that the facts may show to have existed between the parties. Wabash R. Co. v. Hayes, 234 U. S. 86, 34 Sup. Ct. 729, 58 L. ed. 1226; Payne v. New York, S. & W. R. Co. 201 N. Y. 436, 95 N. E. 19; Corbett

v. Boston & Maine R. Co. 219 Mass. 351, 107 N. E. 60; Pelton v. Illinois Cent. R. Co. 171 Iowa, 91, 150 N. W. 236; Vindicator Consol. G. Min. Co. v. Firstbrook, 36 Colo. 498, 86 Pac. 313, 10 Ann. Cas. 1108; National Fuel Co. v. Green, 50 Colo. 307, 115 Pac. 709; White v. St. Louis & M. R. R. Co. 202 Mo. 539, 101 S. W. 14.

It is the existence of the duty and its violation with resulting injury to plaintiff that entitle him to relief, and he has the right to present in one complaint all the facts creating his cause of action, and to recover, if the facts proven establish a right to such recovery, whether such facts bring the case within one or another of the various theories suggested in respect to the relations existing between the parties.

The ruling requiring plaintiff to elect between the theories suggested was not warranted by the facts alleged, and the order appealed from is reversed and a new trial granted.