EMMA F. NASH v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

November 29, 1918.

No. 21,019.

**Master and servant — amendment of complaint not a departure.**

1. Where a complaint states a cause of action for damages, under the Federal Employer's Liability Act, for death by wrongful act occurring in the state of Iowa, and plaintiff recovered judgment which was reversed upon appeal, an amendment of complaint eliminating therefrom all allegations relating to interstate commerce and the application of the Federal act, and pleading in lieu thereof certain statutes of the state of Iowa, does not constitute a departure from law to law and the pleading of a new cause of action.

**Same — death by wrongful act — cause of action.**

2. Plaintiff has but one cause of action, viz.: The wrongful act of the defendant in causing the injury to plaintiff's intestate which resulted in his death. This cause of action exists by virtue of the statute which authorizes suit in such cases by the representative of the estate of the deceased person.

**Same — amendment of complaint — limitation of action.**

3. Plaintiff having but one cause of action, the proposed amendment was in support of the original complaint and the statute of limitations affords no defense.

**Same — existence of compensation act matter of defense.**

4. That a Workmen's Compensation Law existed in the state of Iowa at the time of the injury is unimportant, it being a matter of defense to be pleaded and its application shown.

Action in the district court for Ramsey county by the administratrix of the estate of John Everett Nash, deceased, to recover $25,125 for the death and burial expenses of her intestate. After the judgment, entered pursuant to the verdict, had been reversed by the Supreme Court of the United States, as stated in the third paragraph of the opinion, plaintiff's

[1]Reported in 169 N. W. 540.

motions for a new trial, and for permission to amend the complaint in the manner stated in the opinion, were denied, Hanft, J. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*Barton & Kay,* for appellant.

*M. M. Joyce* and *Donald Evans,* for respondent.

QUINN, J.

Action brought in the district court of Ramsey county to recover under the Federal Employer's Liability Act for the death of plaintiff's husband which occurred on July 15, 1914, as the result of accidental injury to his person received on the seventh day of that month while in the employ of the defendant in the state of Iowa.

It is alleged in the complaint that at the time of his injury plaintiff's intestate was in the employ of and at work as a bridge hand for the defendant on its line of interstate railway in the state of Iowa; that the work in which he was engaged was in connection with and a part of interstate commerce in which the defendant was then engaged; that the defendant negligently furnished to and for use by the bridge crew of which the deceased was a member a certain gasolene car; that it negligently permitted the control lever and machinery of said car to be and remain in such defective condition that when the car was pushed or moved along upon the track the engine would automatically go into operation; that while the plaintiff's intestate was engaged in the duties of his employment the defendant, through one of its servants, a member of such bridge crew, negligently caused said car to be pushed along and upon its track and put into operation so that said car was carelessly and negligently run against and upon the plaintiff's intestate, thereby causing the injury which resulted in his death, all without fault or negligence upon his part.

The plaintiff recovered a verdict upon which judgment was entered. The judgment so entered was ultimately reversed by the Supreme Court of the United States (242 U. S. 619, 37 Sup. Ct. 239, 61 L. ed. 531), upon the ground that decedent was not, at the time of his injury, engaged in interstate commerce, and therefore the Federal act did not apply. Pursuant to the order of that court a mandate was issued from this court and filed with the district court on February 1, 1918, reversing

the judgment entered upon the verdict. Judgment was not so entered when the plaintiff made application to have the judgment entered upon the verdict set aside and for leave to amend her complaint by eliminating therefrom all allegations to the effect that the defendant's line of road was an interstate highway, and that its buildings and equipment referred to were used in interstate commerce, and that the work in which deceased was engaged at the time of his injury was interstate, and, by pleading in lieu thereof certain provisions of the statutes of the state of Iowa, which provide for the survival of actions and the distribution of money recovered as damages for death by wrongful act; also section 2071 of the Code of Iowa which, in effect, abrogates the fellow-servant rule of the common law and adopts the doctrine of comparative negligence.

In its resistance to the application to amend, the defendant set forth by way of affidavit, that a cause of action to recover damages for death by wrongful act, under the laws of the state of Iowa, would be barred by the statute of limitations in two years. Also that at the time of decedent's injury and death there was in force and effect in that state a Workmen's Compensation Act, which determined the rights of the parties with reference to the cause of action set forth in the proposed amendments; that said act provided for the institution of proceedings before the industrial commission; that such act superseded the provisions of section 2071, and that as to employer and employees who had not refused its provisions, it provided the only remedy. The district court denied plaintiff's application for leave to amend, and this appeal is from that order.

The defendant railway company urges that the complaint states a good cause of action under the Federal Employer's Liability Act, and that alone; that the proposed amendment abandons that cause of action and states an entirely different cause of action arising under the statutes of the state of Iowa; that the amendment would therefore amount to a departure from law to law and the pleading of a new cause of action, and, being first asserted more than two years after its accrual, is barred by the statute of limitations of the state of Iowa.

The important and controlling question then is, whether the proposed amendment sets forth a new or different cause of action than the one pleaded in the original complaint. We think not. The plaintiff has but one cause of action, viz.: The wrongful act of the defendant in caus-

ing the injury to plaintiff's intestate which resulted in his death. This cause of action exists by virtue of the statute which authorizes suit in such cases by the representative of the estate of the deceased person. There was but one right of action and it would be in no way changed by the proposed amendment. The action was brought by the administratrix who is the proper party to prosecute it whether under the Federal act or state laws. Whether in one form or the other, it is by the same party, against the same party, in the same court, to recover damages for the same wrong. Mayberry v. Northern Pac. Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L.R.A.(N.S.) 675, 10 Ann. Cas. 754; Tuder v. Oregon Short Line R. Co. 131 Minn. 317, 155 N. W. 200; Basham v. Chicago & G. W. Ry. Co. 178 Iowa, 1019, 157 N. W. 192.

The plaintiff having but one cause of action, the proposed amendment was in support of the original complaint, and we think, in view of G. S. 1913, § 7783, allowing parties in furtherance of justice, either before or after judgment, to amend their pleadings, the amendment should have been allowed. We are not unmindful of the fact that the allowance of amendments is largely in the discretion of the trial court. Under this view of the case the statute of limitations affords no defense. The contention that there existed in the state of Iowa at the time a Workmen's Compensation Law is unimportant at this time. That is a matter of defense to be pleaded and its application shown.

The order appealed from is reversed with directions that the action proceed in accordance with the views herein expressed.