# FLORENCE ADELINE ARDELL, SPECIAL ADMINISTRATRIX, ETC. v. GREAT NORTHERN RAILWAY COMPANY.[1]

September 29, 1922.

No. 22,961.

**Death by wrongful act—circumstantial evidence must show causal connection between the negligence and the injury.**

1. In an action for death by wrongful act where the proofs are wholly circumstantial, to entitle the plaintiff to recover the evidence must show a causal connection between the negligence charged and the injury sustained.

**Injury held to have resulted from negligence charged.**

2. Record examined and *held* that the circumstances proved justified the inference that the injury complained of resulted from the negligence charged rather than from some other cause.

**Amendment of complaint permitted to set up cause of action under Wisconsin statute.**

3. Where a complaint states a cause of action for damages under the Federal Employers Liability Act, for death by wrongful act occurring in the state of Wisconsin, and it appeared upon the trial that decedent was in the employ of defendant's employe rather than of the defendant at the time of his injury, an amendment of the complaint by adding thereto a cause of action under the wrongful death statute of the state of Wisconsin, is permissible and does not amount to an abuse of discretion.

Action in the district court for St. Louis county by the special administratrix of the estate of Eugene G. Ardell, deceased, to recover $25,000 for the death of her intestate. The case was tried before Cant, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $8,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1]Reported in 189 N. W. 939.

*Hugh J. McClearn, Baldwin, Baldwin, Holmes & Mayall* and *Samuel A. Harper*, for appellant.

*Lewis & Hunt*, for respondent.

QUINN, J.

This action was brought in St. Louis county, this state, to recover damages for the wrongful death of plaintiff's husband, which occurred at Superior, Wisconsin, on May 23, 1920. There was a verdict of $8,000 in favor of plaintiff. From an order denying its motion for judgment or a new trial, the defendant appealed.

It appears that at and prior to the time of his death decedent was engaged as a day laborer in shoveling cinders from pits in defendant's yards near its roundhouse at Superior. An excavation about 4 feet in depth underneath the tracks leading into the roundhouse constitutes what is known as a cinder pit. The locomotives are taken onto these tracks by a hostler and the cinders are dumped into the pits. On the day in question, as decedent and a man named Yost were shoveling cinders from the pit into cars standing on an adjacent track, a locomotive was driven over the pit and the cinders dumped. The locomotive was left standing over the pit for a short time. Then the hostler got onto the locomotive, gave the usual signals and in from 2 to 4 minutes backed the locomotive off the pit and the accident occurred. As the locomotive started to move, steam from the cylinder cocks filled the pit and no one saw the accident. The hostler knew that decedent was working at the pit shoveling cinders immediately before the moving of the locomotive, and it was during such movement that decedent sustained the injuries to his neck which caused instant death.

Three men on the locomotive at the time of the accident testified at the trial to the effect that the hostler sounded the whistle and rung the bell immediately before starting the locomotive. The witness Cook testified that he was standing on the platform of a coal chute in plain view of the locomotive and was looking directly at it; that the hostler got onto the locomotive, blew the whistle and rang the bell, but that it was from 2 to 4 minutes after that before the locomotive moved; that decedent was just back of the cylinder

of the locomotive in the act of shoveling cinders just before the steam began to escape; that when the steam cleared away Yost called out and he saw him holding the deceased in his arms, and Yost said: "Come down, Mr. Ardell is killed;" that when he got there Yost and the two fire knockers who had been on the locomotive were carrying him out; and that fire knockers are men who knock fires out of the fire boxes and shake the cinders into the pits. It is undisputed that, when the locomotive had moved from over the cinder pit and the steam had cleared away, deceased was found in the pit with a large incision on each side of his neck extending from below the ears down and forward toward the thyroid gland. The cervical vertebrae were crushed and the windpipe severed. There appeared to be no other bruises on his person except a scratch on the skull.

The proof as to how the injury occurred is wholly circumstantial. The theory on behalf of the plaintiff is that, at the time the locomotive started to move back from over the pit, the deceased was near the rear end of the cylinder; that he was stooping forward in the act of getting a shovel of cinders, when the steam escaped from the cocks of the cylinder, causing him to straighten up quickly, and that in so doing his neck was caught between the rocker arm and the end of the cylinder; that this was the only way the injury could possibly have happened under the circumstances shown by the proofs in the case. It is contended on behalf of the defendant that it is much more probable that the deceased came to his death as the result of his own negligence or by inflicting it upon himself; the theory advanced being that deceased in some manner got his neck under the pilot wheel of the locomotive and sustained the injury which caused his death. His head and face were not cut or bruised. The incisions on each side of his neck were about 3 inches long and did not come together in front.

The trial court properly instructed the jury that "there is, under ordinary circumstances, a presumption against suicide. If the known facts are consistent with the theory of natural or accidental death, the presumption which the law raises from the ordinary motives and principles of human conduct requires a finding against suicide." We see nothing improper with reference to this instruc-

tion, when considered in connection with the circumstances and the theory of the defense.

At the trial the testimony took a very wide range and much of it was not pertinent to the issues as finally submitted to the jury. At the outset of the trial, under the issues as then made by the pleadings, the cause was tried as though the deceased were an employe of the defendant company engaged at the time of his death in the furtherance of interstate commerce, and were seeking to recover under the Federal Employers Liability Act. It however developed from the proofs, in the opinion of the learned trial court, that deceased at the time in question was not in the employ of the defendant, but was in the employ of one Addison Miller, an employe of defendant, and the court so held. Plaintiff then asked leave to amend her complaint by adding thereto a cause of action under the wrongful death statute of the state of Wisconsin, which was granted, and the Wisconsin statute was placed in evidence. The case was then submitted to the jury on the cause of action, under the Wisconsin statute.

In submitting the issues the trial court clearly and fairly impressed upon the jury that it should brush aside all issues and all evidence with reference to the claim of a right of recovery by plaintiff under the Federal statute, and all evidence which might be prejudicial to one side or the other, and confine itself to the issues submitted to it. We have examined the record carefully and are of the opinion that defendant was not deprived of a fair trial. It was sufficient if plaintiff established her cause of action by circumstantial evidence, and we think the proofs were such as to warrant the conclusion arrived at by the jury. The circumstances proved justified the inference that the injury resulted from the negligence of the hostler and in the manner contended for on behalf of the plaintiff rather than from any other cause. McNamee v. Hines, 150 Minn. 97, 184 N. W. 675, and cases there cited. There was no abuse of discretion on the part of the trial court in allowing plaintiff to amend her complaint. Nash v. Minneapolis & St. L. R. Co. 141 Minn. 148, 169 N. W. 540. Nor could the defendant have been taken by surprise by the amendment, as notice of such an amendment was

given long before the trial was begun. We find no reversible error in the record.

Affirmed.