CHRISTIAN KLINKERT, BY HIS GUARDIAN, W. C. FRANK, v. KATIE STREISSGUTH.[1]

May 18, 1923.

No. 23,298.

**Action to cancel deed barred by former judgment.**
The rule that a judgment is res judicata and final and conclusive of the rights of the parties in and to the subject matter involved in the action, as to all elements forming a part of the cause of action, followed and applied.

Action in the district court for Sibley county to recover $6,740.16. The case was tried before Tifft, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*L. D. Barnard* and *Bert O. Loe*, for appellant.
*Mueller & Streissguth* and *W. C. & W. F. Odell*, for respondent.

[1]Reported in 193 N. W. 687.

BROWN, C. J.

Plaintiff and defendant were next of kin and prospective heirs to the estate of Thomas Klinkert, consisting of real and personal property situated in Sibley county, the home and place of residence of Klinkert. Prior to his death and before any right or interest in or to his property became vested in either plaintiff or defendant, and on July 12, 1916, plaintiff by quitclaim deed conveyed and assigned and set over to defendant all and singular his prospective interest in and to the estate to accrue to him, both real and personal, for the consideration of $2,500; $1,500 thereof being paid at the time of the transaction, payment of the balance of $1,000 being deferred to a later date. The deed was duly recorded in the office of the register of deeds on July 14, 1916. Thereafter, on December 26, 1917, Klinkert died intestate, leaving an estate of the value of about $13,000, all of which by the intestate laws passed to plaintiff and defendant in equal shares. Defendant was appointed administratrix of the estate, and in the due course of procedure the probate court made its final decree accordingly, which was also duly recorded. Plaintiff thereafter made claim to his share of the estate, and, it being refused him by defendant, she claiming under the quitclaim deed, an action was brought by his guardian, appointed on July 13, 1918, to set aside the deed, on the ground that it was procured by fraudulent representations of defendant, and was signed and executed by plaintiff without knowledge of its contents or effect; it being alleged that plaintiff was mentally weak and could not read the document, and that he relied upon the representations of defendant as to its contents and legal effect, who had theretofore been his confidential adviser in respect to his property rights and interests.

Defendant interposed in defense the quitclaim deed, and the rights thus conveyed and assigned, and put all allegations of fraud and fraudulent representations in issue by appropriate denials. The reply was a general denial of the allegations of new matter.

There was a trial of the issues thus presented before the court and a jury, with a verdict to the effect that "plaintiff knew the contents of the instrument and what he was signing." The verdict was

approved by the trial court and embodied in findings of fact, upon which judgment was ordered and entered in defendant's favor. There was an appeal from an order denying a new trial, and the order was affirmed. 145 Minn. 336, 177 N. W. 363.

Subsequent to the remand of the cause on that appeal plaintiff brought the present action in which he seeks practically the same relief as in the former action. The complaint sets out the facts which prima facie entitle plaintiff to a share in the estate, making no reference to the deed under which defendant claims. Defendant answered setting up: (1) The deed and rights thereby transferred and conveyed to her; and (2) the former adjudication in bar of the present action. In reply plaintiff attacked the deed upon two additional grounds: (1) That it was procured by the fraud and fraudulent representations as to the quantum of the estate likely to fall to plaintiff; and (2) that the deed was procured for an inadequate consideration and by the unconscionable conduct of defendant and her agent who represented her in the transaction.

The cause was again tried before the court and a jury, at the conclusion of which the court directed a verdict for defendant on the ground that the judgment in the former action was a bar to the present suit. Plaintiff appealed from an order denying a new trial.

The ruling of the learned trial court was correct. Plaintiff was the prospective heir to the estate, and before his rights therein ripened he transferred the same by quitclaim deed to defendant. If valid the deed barred his rights when they accrued on the death of the ancestor. Subsequent to such death he challenged the validity of the deed and sought to have it set aside on the ground heretofore stated, and upon the additional ground that the deed was void and of no effect, on the theory that an expectant heir cannot transfer an indefinite and unascertained prospective interest of the kind. Judgment was given against him in that action. By the present action plaintiff seeks to set aside the deed on two additional grounds, both being pleaded in the reply. They were not pleaded or considered on the trial of the other action.

The facts bring the case within the rule of res judicata as often applied by our decisions. The rule is that a judgment in a particular

action is final and conclusive as to all issues and matters therein in litigation as well as all other issues or matters which could have been litigated as a part and parcel of the controversy in suit. 2 Dunnell, Minn. Dig. § 5163; Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 149 N. W. 131, L. R. A. 1916D, 1164; Liimatainen v. St. Louis R. D. & Imp. Co. 119 Minn. 238, 137 N. W. 1099; Eder v. Fink, 147 Minn. 438, 180 N. W. 542; Thompson v. Myrick, 24 Minn. 4, Plaintiff had but one cause of action, arising from the alleged fraud in procuring from him the deed of his prospective inheritance. It constituted but one right though founded upon distinct elements of alleged fraud. Under the rule applicable to the subject he could not split the right in several parts and maintain successive suits on each. All in such cases must be made the basis of one action. McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 149 N. W. 131, L. R. A. 1916D, 1164, and citations found in the opinion there rendered by Judge Taylor. The bar and finality includes the last point urged by plaintiff, namely, that the deed was void as an attempt to convey something not in existence at the time it was executed. And if there was any error in the rulings of the court which may be said to have prevented the trial of the issues now presented it should have been corrected on the former appeal.

Order affirmed.